62 F.3d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald FONTENOT, Defendant-Appellant.
 No. 94-1452.
(D.C.No. 93-CR-7-N).
 United States Court of Appeals,
Tenth Circuit.
 Aug. 7, 1995.
 
 Before BALDOCK, SETH, and KELLY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 SETH.
 
 2
 Ronald Fontenot appeals his conviction by jury on two counts of a three count indictment charging him with distributing cocaine in violation of 21 U.S.C. 841(a)(1) and 841(b)(1). He is presently serving a 130-month term of imprisonment. Our jurisdiction is proper under 28 U.S.C. 1291, and we affirm.
 
 
 3
 Fontenot challenges the propriety of his conviction on two grounds. First, he maintains that the trial court improperly instructed the jury on the defense of entrapment. The relevant portion of the jury instructions reads as follows:
 
 
 4
 "Where a person has no previous intent or purpose to violate the law, but is induced or persuaded to commit a crime by law enforcement officers, ... he is a victim of entrapment. The law as a matter of policy forbids his conviction in such a case.
 
 
 5
 "On the other hand, where a person already has the readiness and willingness to break the law before there is any contact with a government agent or informer, there would be no entrapment....
 
 
 6
 "... The crucial question in entrapment cases is whether defendant was already willing to commit the crime, or whether the Government persuaded a reluctant defendant to go ahead and commit the crime."
 
 
 7
 Jury Instruction No. 5.1.
 
 
 8
 Fontenot maintains, based primarily on Ninth Circuit precedent established in United States v. Lessard, 17 F.3d 303 (9th Cir.), that the term "already," used twice in the above quoted portion of the instruction, is ambiguous and could be interpreted to mean even if Fontenot was not initially disposed to commit the crime, he could "develop such a disposition during the later course[ ] of interacting with [the undercover officer]." Lessard, 17 F.3d at 305-06 (quoting United States v. North, 746 F.2d 627, 630 (9th Cir.)). Such a construction of the law of entrapment would be contrary to the Supreme Court's declaration in Jacobsen v. United States, 503 U.S. 540, that the government must show that a defendant was predisposed to commit the illegal acts prior to the initial contact by government agents. Jacobsen, 503 U.S. at 548-49. Fontenot further asserts in this regard that the trial court failed to properly respond to a question from the jury during deliberations as to the effect a finding of entrapment on Count One would have upon Counts Two and Three. Fontenot argues that by failing to properly clarify the jury's confusion the jury could only apply the erroneous legal standard given to it. No request for "clarification" was made when the jury's question was discussed.
 
 
 9
 Initially, we note that in light of the fact that there was no timely objection to this instruction at any time during trial, our review is for plain error. United States v. Lee, 54 F.3d 1534, 1540 (10th Cir.). We find that the instruction at issue is in compliance with Jacobsen and correctly sets forth the law with regard to Fontenot's entrapment defense. Unlike the Lessard instruction, the instruction given to the Fontenot jury expressly stated that entrapment is not present where there is "readiness and willingness to break the law before there is any contact" with the agent (emphasis added). Thus, even were we to agree that use of the term "already" creates ambiguity with regard to the need for predisposition on the part of a defendant that preceded contact with a government agent, the plain language of the instant instruction establishes that it is prior to government contact that a defendant's willingness to commit the crime is scrutinized. The instruction, when read in its entirety, further provides factors by which a jury may attempt to measure a defendant's willingness to commit the crime prior to government contact. See United States v. Arias-Santos, 39 F.3d 1070 (10th Cir.) (jury instructions reviewed as a whole to determine if they correctly state the law). The enumerated factors included any showing of reluctance by a defendant, the amount of persuasion the agent used, and whether defendant had the means and equipment to commit the crime "before the government ever entered the picture."
 
 
 10
 It is our conclusion, based upon the aforementioned factors, that the instruction as worded clearly conveys that a defendant's criminal intent cannot evolve as interaction with the agent progresses. The instruction correctly reflects the law of Jacobsen and this circuit, namely, that a defendant's state of mind preceding his initial exposure to government agents is the focal point of an entrapment inquiry. See Jacobsen, 503 U.S. at 548-49; United States v. Mendoza-Salgado, 964 F.2d 993, 1002 (10th Cir.).
 
 
 11
 The jury instruction was clear on this point, and to hold otherwise would undermine the long-standing recognition that "officers or employees of the Government [that] merely afford opportunities or facilities for the commission of the offense [do] not defeat the prosecution." Jacobsen, 503 U.S. at 548 (quoting Sorrells v. United States, 287 U.S. 435, 441). As the Jacobsen Court recognized, "[a]rtifice and stratagem may be employed to catch those engaged in criminal enterprises." Id.
 
 
 12
 Because we determine that the instructions given were proper, there is no merit to Fontenot's claim that the trial judge committed reversible error by his response to the jury's question. During the jury deliberations the judge received the following question from the jury:
 
 
 13
 "Would entrapment on Count Number 1 influence or necessarily apply to Counts 2 and 3, or are they separate issues?"
 
 
 14
 The judge discussed the question with the attorneys, but no agreement could be reached as to how the question should be answered. The judge thus told the jury that the question would not be answered and "[s]o you're just going to have to do the best you can."
 
 
 15
 We review the record as a whole to ascertain whether the jury instructions correctly state the governing law and provide an ample understanding of the issues and the standards of law that govern them. See, e.g., United States v. Zimmerman, 943 F.2d 1204, 1213 (10th Cir.). The fact that the trial court chose not to respond to the jury's inquiry is not error where the initial instructions given correctly set forth the law and issue to be resolved.
 
 
 16
 Fontenot's remaining argument on appeal is that the evidence was insufficient to support his convictions on Counts Two and Three of the indictment. Specifically, Fontenot contends that the jury's acquittal on the first count mandates acquittal on the remaining counts. This, Fontenot asserts, is necessary based upon the defense of entrapment as to the first count, which demonstrates the jury's finding that there was no predisposition to sell drugs prior to contact with the undercover officer.
 
 
 17
 This argument fails because it presupposes a finding of entrapment as to the first count. Fontenot's speculation regarding the jury's reasoning for acquitting him of the initial charge does not provide the certainty upon which this court could find that the Jacobsen requirement of prior disposition on the part of a defendant was not met. See Jacobsen, 503 U.S. at 548-49. The defense presented by Appellant as to Count One included an attack on the credibility of the informant that played a major role in setting up the sale upon which Count One was based. If the jury was convinced by such evidence, an acquittal on Count One would have been proper but not applicable to the latter counts where the informant was not present. Accordingly, we find that the evidence is sufficient to support Fontenot's convictions as to Counts Two and Three.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470