**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FEB 7 2002**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RONALD FONTENOT,

    Defendant - Appellant.

No. 01-1262
(D.C. Nos. 97-N-831, 93-CR-7)
(D. Colo.)

---

**ORDER AND JUDGMENT***

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.**

Defendant-Appellant Ronald Fontenot, a federal inmate proceeding pro se, seeks to appeal the district court's orders dismissing his motion pursuant to 28 U.S.C. § 2255, and his motions to amend the original § 2255 motion. Because Mr. Fontenot has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

appealability ("COA"), a jurisdictional prerequisite, 28 U.S.C. 2253(c)(1)(B), and dismiss his appeal. We reach this conclusion for substantially the same reasons contained in the district court's March 23, 2001 order (4 R. Doc.14).

Background

Following a jury verdict, Mr. Fontenot was convicted of one count of distributing cocaine and one count of distributing "crack" cocaine and sentenced to 130 months imprisonment. His conviction and sentence were affirmed on direct appeal. United States v. Fontenot, No. 94-1452, 1995 WL 462381 (10th Cir. Aug. 7, 1995).

Mr. Fontenot raised two issues in his original § 2255 petition. First, he claimed that his trial counsel was ineffective because counsel failed to adequately advise Mr. Fontenot concerning his susceptibility to enhanced penalties when the government invokes procedures prescribed under 21 U.S.C. § 851. Mr. Fontenot claims that he refused a plea agreement and proceeded to trial because his trial counsel mistakenly informed him that the government would be unable to enhance Mr. Fontenot's sentence either under § 851 or under the career offender provisions of the guidelines. Second, Mr. Fontenot claims that his trial counsel was ineffective in not raising the ambiguity of 21 U.S.C. § 851, either at trial or on appeal. On appeal, he argues that his attorney rendered ineffective assistance

of counsel and relies upon <u>Glover v. United States</u>, 531 U.S. 198 (2001).  Aplt. Br. at 16.

Discussion

The district court concluded that Mr. Fontenot failed to show that his counsel's performance, even assuming it was deficient, had prejudiced the defense.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  We agree.  The district court simply did not rely on the provisions of 21 U.S.C. § 851, which doubles the statutory minimum sentence from five to ten years, in calculating Mr. Fontenot's actual sentence.  Mr. Fontenot's total offense level and criminal history category garnered him a sentence of 130 months.  His mistaken impression of the applicability of  § 851, therefore, had no effect on his actual sentence.

Mr. Fontenot's argument that his counsel was ineffective for failing to argue the ambiguity of § 851 also fails for the same reason.  Because the section was ultimately irrelevant to the calculation of his actual sentence, then, even assuming counsel's omission was a "deficiency," the omission did not prejudice Mr. Fontenot.

Likewise, Mr. Fontenot's reliance on <u>Glover v. United States</u>, 531 U.S. 198 (2001), is unavailing.  In <u>Glover</u>, the Supreme Court rejected engrafting a "substantial prejudice" requirement onto the <u>Strickland</u> requirement of prejudice.

Glover, 531 U.S. at 204. "[A]ny amount of actual jail time has Sixth Amendment significance," and a claim of ineffective assistance does not require a showing that a sentence was significantly increased as a result of defense counsel's error. Id., 503 U.S. at 203-04. The district court in this case did not require a showing of substantial prejudice.

Mr. Fontenot filed three motions to amend his original § 2255 motion, one each on June 30, 1997, August 20, 1998, and February 29, 2000. Mr. Fontenot's conviction became final on January 8, 1996, when the Supreme Court of the United States declined to review it. Mr. Fontenot was required to file his petition within one year of April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Because the one-year limitation period for Mr. Fontenot, whose conviction became final prior to the effective date of AEDPA, expired on April 24, 1997, see United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997), his proposed amendments were untimely and can be excluded, unless they relate back to the original, timely-filed petition. United States v. Gilbert Espinoza-Saenz, 235 F.3d 501, 504-05 (10th Cir. 2000).

Mr. Fontenot states that he passed up a government plea offer of 84-105 months, "including the three-point level adjustment for acceptance of responsibility." Aplt. Br. at 3, ¶ 5. His actual sentence after trial reflects a similar calculus – the only difference, unsurprisingly, being no adjustment for acceptance

of responsibility. This difference had nothing to do with the operation of § 851, or Mr. Fontenot's misunderstanding of its pertinence.

We agree with the district court's assessment that all three amendments are barred because they seek to add new claims or to insert a new theory into the case. Id. The first proposed amendment argues that the government failed to prove that the substance Mr. Fontenot possessed was indeed crack cocaine. The second proposed amendment argues that Mr. Fontenot's due process rights were violated when the government gave favorable treatment to an informer in exchange for testimony against Mr. Fontenot. The final proposed amendment argues that Mr. Fontenot should have been given the opportunity to challenge his prior conviction before imposing the sentence, and that he deserved a guideline adjustment for accepting responsibility. We agree with the district court that all three proposed amendments are so distinct from the claims made in the original petition that they effectively "seek to add a new claim or to insert a new theory into the case," Gilbert Espinoza-Saenz, 235 F.3d at 504-05, and are therefore untimely under AEDPA.

Fontenot is not entitled to a COA unless he can make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Fontenot can make that showing by demonstrating that: (1) the issues raised are debatable among jurists, (2) a court could resolve the issues differently, or (3)

that the questions presented deserve further proceedings. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  After reviewing Fontenot's request for a COA, his appellate brief, the district court order, and the entire record before us, we conclude that he has not made this showing.

We DENY Mr. Fontenot's request for a COA and IFP and DISMISS this appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge