# GLOVER *v.* UNITED STATES

No. 99–8576.   Argued November 27, 2000—Decided January 9, 2001

Kennedy, J., delivered the opinion for a unanimous Court.

*Michael L. Waldman* argued the cause and filed briefs for petitioner.

*Deputy Solicitor General Dreeben* argued the cause for the United States. With him on the brief were *Solicitor General Waxman, Assistant Attorney General Robinson, Matthew D. Roberts,* and *Joel M. Gershowitz.** 

JUSTICE KENNEDY delivered the opinion of the Court.

The issue presented rests upon the initial assumption, which we accept for analytic purposes, that the trial court

---

*\*David M. Zlotnick, Peter Goldberger,* and *Kyle O'Dowd* filed a brief for the National Association of Criminal Defense Lawyers et al. as *amici curiae* urging reversal.

erred in a Sentencing Guidelines determination after petitioner's conviction of a federal offense. The legal error, petitioner alleges, increased his prison sentence by at least 6 months and perhaps by 21 months. We must decide whether this would be "prejudice" under *Strickland* v. *Washington*, 466 U. S. 668 (1984). The Government is not ready to concede error in the sentencing determination but now acknowledges that if an increased prison term did flow from an error the petitioner has established *Strickland* prejudice. In agreement with the Government and petitioner on this point, we reverse and remand for further proceedings.

## I

In the 1980's and early 1990's, petitioner Paul Glover was the Vice President and General Counsel of the Chicago Truck Drivers, Helpers, and Warehouse Workers Union (Independent). The evidence showed Glover used his control over the union's investments to enrich himself and his co-conspirators through kickbacks. When the malfeasance was discovered, he was tried in the United States District Court for the Northern District of Illinois. His first trial ended when the jury could not agree, but a second jury convicted him. The presentence investigation report prepared by the probation office recommended that the convictions for labor racketeering, money laundering, and tax evasion be grouped together under United States Sentencing Commission, Guidelines Manual § 3D1.2 (Nov. 1994), which allows the grouping of "counts involving substantially the same harm." The Government, insisting that the money laundering counts could not be grouped with the other counts, objected to that recommendation, and the District Court held a hearing on the matter. The money laundering counts, it ruled, should not be grouped with Glover's other offenses. The ruling, as the trial court viewed it, was in conformance with decisions in those Courts of Appeals which had refused to group money laundering counts with other counts for various reasons.

See, *e. g., United States* v. *Lombardi*, 5 F. 3d 568 (CA1 1993); *United States* v. *Porter*, 909 F. 2d 789 (CA4 1990); *United States* v. *Taylor*, 984 F. 2d 298 (CA9 1993); *United States* v. *Johnson*, 971 F. 2d 562 (CA10 1992); *United States* v. *Harper*, 972 F. 2d 321 (CA11 1992). In the trial court, Glover's attorneys did not submit papers or offer extensive oral arguments contesting the no-grouping argument advanced by the Government. When the District Court decided not to group the money laundering counts with the other counts, Glover's offense level was increased by two levels, yielding a concomitant increase in the sentencing range. Glover was sentenced to 84 months in prison, which was in the middle of the Guidelines range of 78 to 97 months.

On appeal to the Seventh Circuit, Glover's counsel (the same attorneys who represented him in District Court) did not raise the grouping issue; instead, they concentrated on claims that certain testimony from his first trial should not have been admitted at his second trial and that he should not have been assessed a two-level increase for perjury at his first trial. A short time after argument on Glover's appeal, a different panel of the Seventh Circuit held that, under some circumstances, grouping of money laundering offenses with other counts was proper under § 3D1.2. *United States* v. *Wilson*, 98 F. 3d 281 (1996). A month and a half later, the Seventh Circuit rejected both of Glover's arguments and affirmed his conviction and sentence. 101 F. 3d 1183 (1996).

Glover filed a *pro se* motion to correct his sentence under 28 U. S. C. § 2255 (1994 ed., Supp. III). The failure of his counsel to press the grouping issue, he argued, was ineffective assistance, a position confirmed, in his view, by the Court of Appeals' decision in *Wilson*. The performance of counsel, he contended, fell below a reasonable standard both at sentencing, when his attorneys did not with any clarity or force contest the Government's argument, and on appeal, when they did not present the issue in their briefs or call the *Wilson* decision to the panel's attention following the oral

argument. He further argued that absent the ineffective assistance, his offense level would have been two levels lower, yielding a Guidelines sentencing range of 63 to 78 months. Under this theory, the 84-month sentence he received was an unlawful increase of anywhere between 6 and 21 months.

The District Court denied Glover's motion, determining that under Seventh Circuit precedent an increase of 6 to 21 months in a defendant's sentence was not significant enough to amount to prejudice for purposes of *Strickland* v. *Washington, supra.* As a result, the District Court did not decide the issue whether the performance of Glover's counsel fell below a reasonable standard of competence. On appeal to the Seventh Circuit, the Government argued only that Glover had not suffered prejudice within the meaning of *Strickland.* See App. to Reply Brief for Petitioner 1a–22a. Citing *Durrive* v. *United States,* 4 F. 3d 548 (CA7 1993), the Government contended that even were the performance of Glover's counsel ineffective, the resulting additional 6 to 21 months, under the law as established in the Seventh Circuit, would not constitute prejudice. App. to Reply Brief for Petitioner 21a. The Court of Appeals affirmed, relying on that theory. 182 F. 3d 921 (1999) (table). We granted Glover's petition for certiorari. 530 U. S. 1261 (2000).

## II

The Government no longer puts forth the proposition that a 6- to 21-month prison term increase is not prejudice under *Strickland.* It now acknowledges that such a rule, without more, would be "inconsistent with this Court's cases and unworkable." Brief for United States 18.

It appears the Seventh Circuit drew the substance of its no-prejudice rule from our opinion in *Lockhart* v. *Fretwell,* 506 U. S. 364 (1993). *Lockhart* holds that in some circumstances a mere difference in outcome will not suffice to establish prejudice. *Id.,* at 369. The Seventh Circuit extracted from this holding the rule at issue here, which denies relief

when the increase in sentence is said to be not so significant as to render the outcome of sentencing unreliable or fundamentally unfair. See *Durrive, supra,* at 550–551. The Court explained last Term that our holding in *Lockhart* does not supplant the *Strickland* analysis. See *Williams* v. *Taylor,* 529 U. S. 362, 393 (2000) ("Cases such as *Nix* v. *Whiteside,* 475 U. S. 157 (1986), and *Lockhart* v. *Fretwell,* 506 U. S. 364 (1993), do not justify a departure from a straightforward application of *Strickland* when the ineffectiveness of counsel *does* deprive the defendant of a substantive or procedural right to which the law entitles him"); *id.,* at 414 (opinion of O'CONNOR, J.) ("As I explained in my concurring opinion in *[Lockhart],* 'in the vast majority of cases ... [t]he determinative question—whether there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"—remains unchanged' "). The Seventh Circuit was incorrect to rely on *Lockhart* to deny relief to persons attacking their sentence who might show deficient performance in counsel's failure to object to an error of law affecting the calculation of a sentence because the sentence increase does not meet some baseline standard of prejudice. Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance. Compare *Argersinger* v. *Hamlin,* 407 U. S. 25 (1972) (holding that the assistance of counsel must be provided when a defendant is tried for a crime that results in a sentence of imprisonment), with *Scott* v. *Illinois,* 440 U. S. 367 (1979) (holding that a criminal defendant has no Sixth Amendment right to counsel when his trial does not result in a sentence of imprisonment). Our decisions on the right to jury trial in a criminal case do not suggest that there is no prejudice in the circumstances here. Those cases have limited the right to jury trial to offenses where the potential punishment was imprisonment for six months or more. See

*Argersinger, supra,* at 29 (citing *Duncan* v. *Louisiana,* 391 U. S. 145 (1968)). But they do not control the question whether a showing of prejudice, in the context of a claim for ineffective assistance of counsel, requires a significant increase in a term of imprisonment.

The Seventh Circuit's rule is not well considered in any event, because there is no obvious dividing line by which to measure how much longer a sentence must be for the increase to constitute substantial prejudice. Indeed, it is not even clear if the relevant increase is to be measured in absolute terms or by some fraction of the total authorized sentence. See *Martin* v. *United States,* 109 F. 3d 1177, 1183 (CA7 1996) (Rovner, J., dissenting from denial of rehearing en banc). Although the amount by which a defendant's sentence is increased by a particular decision may be a factor to consider in determining whether counsel's performance in failing to argue the point constitutes ineffective assistance, under a determinate system of constrained discretion such as the Sentencing Guidelines it cannot serve as a bar to a showing of prejudice. Compare *Spriggs* v. *Collins,* 993 F. 2d 85, 88 (CA5 1993) (requiring a showing that a sentence would have been *"significantly* less harsh" under the Texas discretionary sentencing scheme), with *United States* v. *Phillips,* 210 F. 3d 345 (CA5 2000) (finding prejudice under the Sentencing Guidelines when an error by counsel led to an increased sentence). We hold that the Seventh Circuit erred in engrafting this additional requirement onto the prejudice branch of the *Strickland* test. This is not a case where trial strategies, in retrospect, might be criticized for leading to a harsher sentence. Here we consider the sentencing calculation itself, a calculation resulting from a ruling which, if it had been error, would have been correctable on appeal. We express no opinion on the ultimate merits of Glover's claim because the question of deficient performance is not before us, but it is clear that prejudice flowed from the asserted error in sentencing.

## III

The Government makes various arguments for alternative grounds to affirm the Court of Appeals. Among other contentions, the Government suggests that the failure of Glover's counsel to argue for grouping of the money laundering counts was not deficient; that Glover's grouping claim has no legal merit in any event; and that even if Glover had prevailed on his grouping claim, his sentence in fact would have increased as a result. Glover disputes these contentions. We need not describe the arguments in great detail, because despite the fact the parties have joined issue at least in part on these points, they were neither raised in nor passed upon by the Court of Appeals. In the ordinary course we do not decide questions neither raised nor resolved below. See *Taylor* v. *Freeland & Kronz*, 503 U. S. 638, 646 (1992). As a general rule, furthermore, we do not decide issues outside the questions presented by the petition for certiorari. This Court's Rule 14.1(a). Whether these issues remain open, and if so whether they have merit, are questions for the Court of Appeals or the District Court to consider and determine in the first instance.

The judgment of the Seventh Circuit is reversed. The case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*