UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 00-4896

LUIS ABARCA SOTO,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-99-35)

Submitted: May 18, 2001

Decided: June 5, 2001

Before WIDENER and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Randolph Marshall Lee, LAW OFFICES OF RANDOLPH MAR-
SHALL LEE, Charlotte, North Carolina, for Appellant. Robert J.
Conrad, Jr., United States Attorney, Gretchen C.F. Shappert, Assis-
tant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Luis Abarca Soto pled guilty without a plea agreement to conspiracy to possess cocaine and marijuana with intent to distribute, 21 U.S.C. § 846 (1994). He received a sentence of forty-eight months imprisonment, on the government's recommendation, after the government moved for a downward departure based on his substantial assistance. *U.S. Sentencing Guidelines Manual* § 5K1.1, p.s. (2000).* Soto appeals his sentence, alleging that his attorney's performance at sentencing was ineffective in that the attorney failed to request a downward departure based on Soto's status as a deportable alien and, consequently, the district court may have failed to recognize its authority to depart further on this ground. We affirm.

Under *Koon v. United States*, 518 U.S. 81, 106-07 (1996), the district court may consider a departure on any ground not prohibited by the guidelines. A defendant's status as an illegal alien may be a basis for departure if it increases the severity of his sentence by subjecting him to longer or more restrictive confinement than would otherwise be the case. *United States v. DeBeir*, 186 F.3d 561, 569-70 (4th Cir. 1999) (reviewing cases).

Soto relies on *Glover v. United States*, 531 U.S. 198, 121 S. Ct. 696 (2001), an appeal from a denial of relief under 28 U.S.C.A. § 2255 (West Supp. 2000), in which the defendant argued that his attorney had been ineffective at sentencing in failing to forcefully contest the government's objection to grouping certain counts together, and on appeal in failing to raise the grouping issue at all, though the district

---

*Although the government did not move for a departure pursuant to 18 U.S.C.A. § 3553(e) (West 2000), it made clear its desire that the district court depart below the statutory minimum. *Melendez v. United States*, 518 U.S. 120, 126 n.5 (1996).

court's decision not to group the counts increased his offense level and raised his guideline range from 63-78 months to 78-97 months. *Glover*, 121 S. Ct. at 699. Without determining whether there had been a grouping error, the district court and the appeals court found that an increase of six to twenty-one months in the length of Glover's sentence was not significant enough to constitute prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). The Supreme Court held that "any amount of actual jail time has Sixth Amendment significance," and that a claim of ineffective assistance did not require a showing that the sentence was significantly increased as a result of defense counsel's error. *Glover*, 121 S. Ct. at 700. The Court reversed the appeals court and remanded the case for further proceedings. *Id.* at 701.

Soto states that, because there is a possibility that the district court might have departed further had his attorney moved for a departure based on his alien status, an error occurred and remand is appropriate to determine whether the district court understood its authority to depart on that ground. Soto's claim is that he received ineffective assistance at sentencing and that his sentence is longer as a result. For Soto to succeed on this claim on direct appeal, he must show that the record conclusively demonstrates that his attorney provided ineffective assistance. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C.A. § 2255), *cert. denied*, 528 U.S. 1096 (2000). To establish a claim of ineffective assistance of counsel, a defendant must show that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that he was prejudiced by counsel's unprofessional errors. *Strickland*, 466 U.S. at 688, 694.

The record does not disclose that Soto's sentence was increased or that his confinement was made more severe because of his alien status—only that he was ineligible for a drug treatment program. Therefore, it is not clear from the face of the record that the attorney's failure to request a departure on this ground was objectively unreasonable. In addition, Soto has not shown that there was a reasonable probability that the district court would have departed further had Soto's attorney requested a departure on this ground.

Moreover, this court has never held that a district court may err by not departing *sua sponte* on any ground. *See United States v. Edwards*, 188 F.3d 230, 238 (4th Cir. 1999) (while decision to depart is reviewed for abuse of discretion, remaining within the guideline range is presumptively correct), *cert. denied*, 528 U.S. 1130 (2000). Therefore, we can identify no reason for remanding the case.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*