IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20248
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN GARZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-3439
USDC No. H-93-CR-7-14
--------------------
June 7, 2001

Before JOLLY, WIENER, and PARKER, Circuit Judges.

PER CURIAM:*

Federal prisoner Ruben Garza moves this court for a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2255 wherein he had argued that his counsel was ineffective for failing to ensure that the district court advised him that he had waived his right to appeal. He also argued that his guilty plea was constitutionally invalid because the district court failed to inform him regarding the waiver-of-appeal provision as provided in Fed. R. Crim. P. 11(c).

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garza also argued that his counsel rendered ineffective assistance in connection with his sentencing, and that his sentence was unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000).

The district court summarily dismissed the motion pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.  In addition to referencing Rule 4(b), the court stated that "the petitioner entered a knowing, voluntary plea of guilty.  That plea of guilty waived all non-jurisdictional defects."  In denying Garza's motion for reconsideration, the court determined that "(a) the issues raised are simply a way of stating a different trial strategy, no entitlement exists; and (b) the Court fully admonished the defendant concerning his plea of guilty[.]"  The court further determined that Garza was seeking to "micromanage the judicial process by asserting that he was entitled to a point or two here or there, thus, his rights under the Sixth Amendment have been violated."

To obtain a COA, Garza must make "a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).  Such a showing requires the applicant to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  If the applicant for COA challenges the district court's dismissal for a reason not of constitutional dimension, the petitioner must first show that jurists of reason would find it debatable whether the district court was correct in its ruling.  Id.

With respect to his argument that his guilty plea was constitutionally invalid because the district court failed to warn him that he was waiving his right to appeal as required by Fed. R. Crim. P. 11, Garza has not made the showing necessary for a COA because he relies on an amendment to Rule 11 which did not become effective until after he was rearraigned and sentenced. Similarly, Garza has not shown that he is entitled to a COA based on the Supreme Court's holding in Apprendi. See In re: Tatum, 233 F.3d 857, 859 (5th Cir. 2000). Accordingly, Garza's motion for a COA is DENIED with respect to these claims.

With respect to Garza's argument that his trial counsel was ineffective for failing to bring to the district court's attention errors in the application of the sentencing guidelines, the district court apparently determined that Garza's claims were foreclosed by his guilty plea. The court also determined that Garza's challenges to a "point or two here or there" with respect to his offense level were insufficient to state a claim of ineffective assistance of counsel.

It is debatable that the district court's reasons for dismissing Garza's ineffective-assistance claims were incorrect. See Slack, 529 U.S. at 484. Although a district court's misapplication of the sentencing guidelines is not cognizable under § 2255, a defendant's claim of ineffective assistance of counsel does give rise to a constitutional issue. United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1996). Further, the Supreme Court has rejected the notion that ineffective assistance in the sentencing context requires a showing of "some baseline

standard of prejudice." <u>See</u> <u>Glover v. United States</u>, 121 S. Ct. 696, 700 (2001). "[A]ny amount of actual jail time has Sixth Amendment significance." <u>Id</u>. Accordingly, Garza's motion for a COA is GRANTED with respect to the single issue of ineffective assistance of counsel at sentencing. The district court's judgment is VACATED and the case is REMANDED for further proceedings consistent with this order.

COA GRANTED on the single issue of ineffective assistance of counsel at sentencing; VACATED and REMANDED.