**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 01-40034**
**Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**BRUCE A. HAMMOND,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(C-00-CV-191)**

October 15, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Bruce A. Hammond, federal inmate #76762-079, appeals, *pro se*, the denial of his 28 U.S.C. § 2255 motion. A certificate of appealability was granted on the issue whether trial counsel provided ineffective assistance by neglecting to challenge the weight of the marijuana that was used to determine Hammond's sentence. At trial, counsel stipulated that the marijuana at issue weighed approximately 762 kilograms.

In response to the §2255 motion, the Government conceded that the weight of the plastic packaging and fabric softener sheets should have been deducted. In denying the motion, the district

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court allowed an eight percent reduction to account for the weight of the packaging material and determined, for the reasons that follow, that Hammond had not shown actual prejudice, *i.e.*, Hammond had not shown that, if counsel had challenged the weight, Hammond's sentence would have been significantly less harsh. The eight percent reduction lowered the weight of the marijuana to 701.84 kilograms. To qualify for a lesser sentence, Hammond was required to demonstrate that the weight of the marijuana was less than 700 kilograms. *See* U.S.S.G. §§ 2D1.1(c)(5) and (6).

In *Glover v. United States*, 531 U.S. 198, 203, 204 (2001), the Court held that the *Strickland v. Washington*, 466 U.S. 668 (1984), standard of actual prejudice applied in the sentencing context. Therefore, Hammond was required to show there is a reasonable probability that, but for counsel's failure to challenge the weight of the marijuana, his sentence would have been different. *See Strickland*, 466 U.S. at 694.

Hammond has not shown that the district court's findings concerning the weight of the marijuana at issue were clearly erroneous. *See United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995) (district court may rely on presentence report at sentencing and adopt its findings without further consideration unless report is rebutted by evidence); *United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994) (district court's 28 U.S.C. § 2255 findings are reviewed for clear error). Hammond's assertion that his sentence would have been different if counsel had challenged the weight of the marijuana is insufficient to establish ineffective assistance.

2

See *Lincecum v. Collins*, 958 F.2d 1271, 1279-80 (5th Cir.), *cert. denied*, 506 U.S. 957 (1992).

        ***AFFIRMED***