NATIONAL ORGANIZATION
FOR WOMEN, INC., et al.,
Plaintiffs–Appellees,

v.

Joseph M. SCHEIDLER, et al.,
Defendants–Appellants.

Nos. 99–3076, 99–3336, 99–3891,
99–3892, 01–2050.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 26, 2003.

Decided Feb. 26, 2004.

Lowell E. Sachnoff, Sachnoff & Weaver, Fay Clayton, Robinson, Curley & Clayton, Chicago, IL, Sara N. Love, Arlington, VA, for Plaintiffs–Appellees.

Thomas L. Brejcha, Jr., Chicago, IL, Walter M. Weber, American Center for Law and Justice, Washington, DC, Larry L. Crain, American Center for Law & Justice, Brentwood, TN, for Defendants–Appellants.

James A. Serritella, Burke, Warren, Mackay & Serritella, Chicago, IL, Edward M. Gaffney, Jr., Valparaiso University School of Law, Valparaiso, IN, S. Elizabeth Mitchell, Heller, Ehrman, White & McAuliffe, Palo Alto, CA, for Amici Curiae.

Before ROVNER, DIANE P. WOOD, and EVANS, Circuit Judges.

## ORDER

This case comes to us on remand from the Supreme Court of the United States.

In 1986, the National Organization for Women (NOW) and two health clinics that perform abortions ("plaintiffs"), filed this class action alleging that defendants, a co-alition of antiabortion groups called the Pro–Life Action Network (PLAN), Joseph Scheidler, and other individuals and organizations that oppose abortion, engaged in conduct amounting to a pattern of extortion in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68 (RICO). A more detailed account of the facts and the lengthy procedural history of this litigation is provided in the Supreme Court's first opinion in this case, *National Organization for Women, Inc. v. Scheidler,* 510 U.S. 249, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994) (*NOW I*), and in our prior decisions, *National Organization for Women, Inc. v. Scheidler,* 267 F.3d 687 (7th Cir.2001), and *National Organization for Women, Inc. v. Scheidler,* 968 F.2d 612 (7th Cir.1992).

After the Court in *NOW I* remanded the case, the district court conducted a seven-week trial, at which the plaintiffs introduced evidence of hundreds of acts committed by the defendants or others acting in concert with PLAN which, the plaintiffs contended, constituted predicate acts under RICO. In response to special interrogatories, the jury found that the defendants or others associated with PLAN committed 21 violations of federal extortion law (the Hobbs Act, 18 U.S.C. § 1951), 25 violations of state extortion law, 25 instances of attempting or conspiring to commit either federal or state extortion, 23 violations of the Travel Act, 18 U.S.C. § 1952, 23 instances of attempting to violate the Travel Act, and four "acts or threats of physical violence to any person or property." On this basis, the jury awarded damages to the two named clinics, and the district court issued a permanent nationwide injunction prohibiting the defendants from conducting blockades, trespassing, damaging property, or committing acts of violence at the class clinics. The defendants appealed a number of issues relating to the conduct of the trial and the issuance of the injunction. We affirmed the district court's judgment in all respects. *Scheidler,* 267 F.3d at 693.

The defendants then filed a petition for a writ of certiorari with the United States Supreme Court, which the Court granted with respect to two of the three questions presented by the petition. *Scheidler v. Nat'l Org. for Women, Inc.,* 535 U.S. 1016, 122 S.Ct. 1604, 152 L.Ed.2d 619 (2002).

Specifically, the Court limited its grant of certiorari to the following questions:

1. Whether the Seventh Circuit correctly held, in acknowledged conflict with the Ninth Circuit, that injunctive relief is available in a private civil action for treble damages brought under [RICO].

2. Whether the Hobbs Act, which makes it a crime to obstruct, delay, or affect interstate commerce "by robbery or extortion" and which defines "extortion" as "the obtaining of property from another, with [the owner's] consent," where such consent is "induced by the wrongful use of actual or threatened force, violence, or fear"—criminalizes the activities of political protesters who engage in sit-ins and demonstrations that obstruct the public's access to a business's premises and interfere with the freedom of putative customers to obtain services offered there.

Pet. for Writ of Cert., 2002 WL 32134867 (U.S. Jan. 28, 2002) (No. 01–1118) (internal citation omitted). In its opinion, the Court explained that it granted certiorari to determine "whether petitioners committed extortion within the meaning of the Hobbs Act" and "whether respondents, as private litigants, may obtain injunctive relief in a civil action" under RICO. *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 397, 123 S.Ct. 1057, 154 L.Ed.2d 991 (2003) (*NOW II*). The Court held that "petitioners did not commit extortion because they did not 'obtain' property from respondents as required by the Hobbs Act," and this determination "renders insufficient the other bases or predicate acts of racketeering supporting the jury's conclusion that petitioners violated RICO." *Id.* It therefore "reverse[d] without reaching the question of the availability of private injunctive relief under § 1964(c) of RICO," *id.*, and held that "[w]ithout an underlying RICO violation, the injunction issued by the District Court must necessarily be vacated," *id.* at 411.

On remand to this court, the parties submitted Statements of Position pursuant to Circuit Rule 54. Plaintiffs argue that, although the Court in *NOW II* disposed of the 117 extortion-based predicate acts under RICO, the defendants did not petition for a writ of certiorari on the four predicate acts involving "acts or threats of physical violence to any person or property" and, accordingly, the Court did not decide whether these acts alone could support the district court's injunction. In response, defendants contend that the Hobbs Act does not outlaw "physical violence" apart from extortion and robbery, and therefore the Supreme Court's holding that the defendants did not commit extortion precludes a finding that the four acts or threats of violence might independently support the injunction. We remand to the district court to address this issue-which never before in this litigation has been the subject of full briefing or judicial consideration—in the first instance.

Although "[a]n order limiting the grant of certiorari does not operate as a jurisdictional bar," *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 246, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), the Supreme Court has consistently adhered to its Rule 14.1(a), which provides that "[o]nly the questions set out in the petition, or fairly included therein, will be considered by the Court." See *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 202, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002); *Glover v. U.S.*, 531 U.S. 198, 205, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001). Given the Court's general refusal to decide issues outside the questions presented by a petition for a writ of certiorari, see, *e.g., Lopez v. Davis*, 531 U.S. 230, 244 n. 6, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001); *West v. Gibson*, 527

U.S. 212, 223, 119 S.Ct. 1906, 144 L.Ed.2d 196 (1999); *NYNEX Corp. v. Discon, Inc.*, 525 U.S. 128, 140, 119 S.Ct. 493, 142 L.Ed.2d 510 (1998), we will not presume that in this case it went beyond the scope of its grant of certiorari, which it characterized as "whether petitioners committed extortion within the meaning of the Hobbs Act," to hold *sub silentio* that the four acts or threats of physical violence found by the jury cannot support the injunction. We note that the Court's opinion in *NOW II* makes no mention of these four predicate acts, and the parties' briefs before the Court reference these acts only in passing in footnotes. To conclude that the Court found these four predicate acts insufficient to support the district court's injunction would therefore require that we find both that the Court went beyond the scope of its grant of certiorari, and that it did so with respect to an issue not briefed by the parties and not discussed in its opinion. We decline to draw such a conclusion.

Instead, we remand to the district court to determine whether the four predicate acts involving "acts or threats of physical violence to any person or property" are sufficient to support the nationwide injunction that it imposed. See *Glover*, 531 U.S. at 205 ("As a general rule ... we do not decide issues outside the questions presented by the petition for certiorari. Whether these issues remain open, and if so whether they have merit, are questions for the Court of Appeals or the District Court to consider and determine in the first instance." (citing Sup.Ct. R. 14.1(a))). As part of this inquiry, the court may find it necessary to interpret the language of the Hobbs Act, which provides that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property

in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both." 18 U.S.C. § 1951(a). Specifically, the court may need to determine whether the phrase "commits or threatens physical violence to any person or property" constitutes an independent ground for violating the Hobbs Act or, rather, relates back to the grounds of robbery or extortion. In the alternative, the court may conclude that the proper interpretation of § 1951(a) is immaterial, if it decides that the four acts or threats of physical violence found by the jury are not sufficient standing alone to support the nationwide injunction. As the parties' Circuit Rule 54 submissions offer only a preliminary discussion of these issues, and neither this court nor the district court has addressed them previously, we consider it best to remand the case to the district court.

We therefore REMAND this case to the district court for further proceedings consistent with *NOW II* and this order.