ACCELERATED JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas and the briefs of counsel. Defendant Dana Ranta pleaded guilty to seven counts of robbery. He did not appeal from those convictions. More than two years after being sentenced for those offenses, he filed a petition for "delayed" postconviction relief on grounds that his counsel performed ineffectively by negotiating a sentence that exceeded the statutory minimum and by failing to ask the court to prepare a presentence investigation report. The state asked the court to dismiss Ranta's petitions on grounds that it had not been timely filed. The court dismissed the petition without a hearing. Ranta's assignments of error contest the dismissal.
 {¶ 2} The court did not err by dismissing the petition. R.C.2953.21(A)(2) states that if no appeal is taken from a conviction, "the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." The court sentenced Ranta on March 2, 2001. The 30-day time limit in which to appeal would have expired April 1, 2001. Ranta did not file his petition for postconviction relief until April 15, 2003, more than two years after the time in which to file a direct appeal expired. Although the court did not articulate timeliness as a reason for its dismissal, that ground is apparent on the face of the record and constitutes a jurisdictional impediment to the court's ability to consider the petition. See State v. White (Nov. 29, 2001), Cuyahoga App. No. 78190.
 {¶ 3} There are exceptions to the time periods set forth in R.C. 2953.21(A)(2), but Ranta has not demonstrated that any of them apply. In his petition, he argued that he had been unavoidably prevented from asserting the ineffective assistance of counsel claim because the precedent that he relied upon,Glover v. United States (2001), 531 U.S. 198, had been released too late for him to make use of it in his petition. Recognition of a new state or federal right that applies retroactively to a petitioner's situation is an exception to the time limits for filing an appeal. See R.C. 2953.23(A)(1)(b). However, Ranta is forced to concede that the United States Supreme Court released the Glover decision on January 9, 2001, more than two years before he filed his petition and more than two months before the statutory time to file the petition would have expired. We stress that we make no opinion on the applicability of Glover to the facts of this case, but merely agree that Ranta had not been unavoidably prevented from using that case as authority in a timely petition. Because the petition was not timely filed and Ranta did not show that any exceptions applied to excuse his late filing, the court lacked jurisdiction to consider the petition.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and McMonagle, J., Concur.