NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1629
_____

UNITED STATES OF AMERICA

v.

JOHN TIGGETT,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-04-cr-00734-001)
District Judge: Hon. Juan R. Sánchez

_____

Submitted under Third Circuit LAR 34.1(a)
February 15, 2011

Before: SLOVITER, HARDIMAN and ALDISERT, Circuit Judges.

(Filed April 5, 2011)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

Petitioner John Tiggett seeks review of the United States District Court for the

Eastern District of Pennsylvania's denial of his petition for habeas corpus relief. Tiggett contends that the District Court should have held that his counsel's failure to challenge on direct appeal the Criminal History Score upon which his sentence was based, was ineffective assistance under Strickland v. Washington, 466 U.S. 668 (1984). We will affirm the District Court.

## I.

The District Court had jurisdiction over Tiggett's criminal trial pursuant to 28 U.S.C. § 3231, and over his petition for habeas corpus relief pursuant to 28 U.S.C. § 2255. A certificate of appealability was issued on December 2, 2009, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

We exercise plenary review over the District Court's legal conclusions, Everett v. Bears, 290 F.3d 500, 507 (3d Cir. 2001), but we review its factual findings for clear error, United States v. Cepero, 224 F.3d 256, 258 (3d Cir. 2000).

## II.

On May 25, 2003, John Tiggett hid approximately 1.5 kilograms of cocaine inside bags of coffee and a bottle of rum, which he then checked with his luggage on a commercial flight from Jamaica to the United States. Customs officials noticed he was acting suspiciously when he landed at Philadelphia International Airport, and detained him for questioning. They discovered the contraband and he was indicted in the District Court, tried, and convicted by a jury.

Under the 2005 version of the United States Sentencing Guidelines ("Guidelines"), Tiggett's Offense Level was 28. His sentencing range of 140 to 175 months was based on a court-ordered Presentence Investigation Report ("PSR"), which calculated his criminal history at 13 points, and put him in Criminal History Category VI.

2

PSR 7, 11. At the sentencing hearing, Tiggett's attorney objected to 6 of the 13 points, arguing Tiggett should be put in Category III, which would produce a sentencing range of only 78 to 97 months. App. 20, 67. The court overruled the objection and sentenced Tiggett to 150 months' imprisonment.

Tiggett's attorney filed an appeal, but did not challenge the sentencing calculation. App. 83, 87, 90. After Tiggett's conviction was affirmed, he filed this petition for a writ of habeas corpus, alleging a violation of Strickland v. Washington, 466 U.S. 668 (1984), based on his "counsel's failure to argue [the sentencing court] erred by placing Tiggett's criminal history in Category VI rather than Category III." App. 2D. The District Court denied the writ, and Tiggett brought his claim to us.

### III.

Tiggett must make two showings to establish ineffective assistance of counsel under Strickland v. Washington. First, he must show that his counsel's performance was deficient, which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Second, he must show that his counsel's errors caused him "prejudice,"— e.g., caused a longer sentence to be imposed. Id.; Glover v. United States, 531 U.S. 198, 202 (2001). To meet this standard, Tiggett points to the sentencing court's determination that his Criminal History Score was 13 points; he contends that 13 points overstates his criminal history, that his attorney was deficient in not challenging his Score on direct appeal, and that the decision caused him prejudice by not reducing his sentence. We will affirm the District Court because counsel's failure to challenge Tiggett's Criminal History Score was not ineffective.

The sentencing court based 11 of the 13 points upon six of Tiggett's prior

3

convictions, each of which caused him to serve more than 60 days in jail. It applied U.S.S.G. § 4A1.1(a)-(f) and § 4A1.2, Application Note 2, which together explain that prior convictions count toward a Criminal History Score if they result in more than 60 days' imprisonment. This was the correct result under the Guidelines. Tiggett contends that two of those prior sentences should be treated as non-imprisonment sentences, because he was originally sentenced to fines and costs and was sent to jail only upon his failure to pay (see U.S.S.G. § 4A1.2, app. n. 4 ("Sentences Imposed in the Alternative")). That provision does not apply, however, because his prior sentences did not "specif[y] a fine or other non-incarcerative disposition as an alternative to a term of imprisonment." Id. Rather than originally imposing Tiggett's sentence in the alternative, New Jersey courts converted his fines into jail time during separate proceedings. PSR 4, 5. The sentencing court therefore concluded correctly that Tiggett "actually served a period of imprisonment" for his prior convictions, U.S.S.G. § 4A1.2, app. n. 2, which means his prior convictions produced 11 Criminal History Points under U.S.S.G. § 4A1.1(a)-(c).

The remaining two points (which were assessed because the instant offense was committed within two years of his release from prison on November 2, 2001, see PSR 7) were assessed correctly pursuant to U.S.S.G. § 4A1.1(e) of the 2005 Guidelines, which was then in effect. This brought Tiggett's Criminal History Score to 13 points, which, at Tiggett's Offense Level of 28, yielded a sentence of 140 to 175 months. See U.S.S.G. Ch. 5, pt. A. The 150-month sentence that Tiggett received was therefore sound.

Because Tiggett's sentence was calculated correctly, his attorney's decision to not challenge it on appeal (1) was reasonable, and (2) did not prejudice Tiggett by increasing his sentence. Tiggett has therefore failed to carry his Strickland burden. See 466 U.S. at 687. We will affirm the District Court's denial of his petition for habeas corpus relief.

\* \* \* \* \*

The judgment of the District Court will be AFFIRMED.