PAEZ, Circuit Judge,
concurring:
I concur in the disposition. I write separately only to express my agreement with Judge Graber’s concurrence in Davis v. Grigas that Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to formal, noncapital sentencing proceedings “involving] findings or conclusions that provide a standard for the imposition of sentence.” 443 F.3d 1155, 1159 (9th Cir.2006) (Graber, J., concurring). Nonetheless, Davis’s claim here fails because he cannot satisfy either prong of the Strickland test.
In Strickland, the Supreme Court established the constitutionally-required standard for effective assistance of counsel in capital sentencing cases. 466 U.S. at 687, 104 S.Ct. 2052. The Court also explained that it “need not consider the role of counsel in an ordinary sentencing, which may involve informal proceedings and standard-less discretion in the sentencer, and hence may require a different approach to the definition of constitutionally effective assistance.” Id. at 686, 104 S.Ct. 2052.
Subsequently, in Glover v. United States, the Supreme Court held that a defendant suffered prejudice when his attorney’s alleged deficient performance resulted in the imposition of a higher sentence for noncapital, federal offenses. 531 U.S. 198, 200, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001). In so holding, the Court ap *730 plied Strickland. Id. at 200, 121 S.Ct. 696 (“We must decide whether this would be ‘prejudice’ under [Strickland ].”).
Notwithstanding the Court’s statements in Glover, we held that the Supreme Court has not extended Strickland to noncapital sentencing proceedings. Cooper-Smith v. Palmateer, 397 F.3d 1236, 1244 (9th Cir.2005); Davis, 443 F.3d at 1158. In Davis, Judge Graber authored a compelling concurrence in which she concluded that “the best way to read [Strickland and Glover] together is to say that Strickland applies to a noncapital sentencing that is ‘formal’ and that involves findings or conclusions that provide a standard for the imposition of sentence.” Davis, 443 F.3d at 1159 (Graber, J., concurring). I agree.[1]
As noted in our memorandum disposition, however, the state court correctly interpreted the relevant state law and therefore imposed a lawful sentence. There is simply no showing that Davis’s counsel performed deficiently or that he suffered any prejudice. Thus, even if we were to apply Strickland, Davis would not be entitled to habeas relief. Under these circumstances, I do not consider this to be a worthy case for en banc review, which would be necessary to reconsider our holding in Davis. Therefore, I concur in the court’s affirmance of the district court’s denial of Davis’s habeas petition.

. Although Premo v. Moore, - U.S. -, 131 S.Ct. 733, 737-38, 742, 178 L.Ed.2d 649 (2011), was decided after the state court denied Davis's petition for post-conviction relief, it offers further support for this conclusion.