**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4453**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

WILLIAM RAY JOHNSTON,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:99-cr-00472-JFM-1)

_____

Submitted: December 14, 2012     Decided: December 27, 2012

_____

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

James Wyda, Federal Public Defender, LaKeytria Felder, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Martin J. Clarke, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2001, William Ray Johnston was sentenced to 130 months of imprisonment for being a felon in possession of a firearm and to five years of supervised release thereafter. On October 12, 2010, Johnston was sentenced to time served for his first violation of supervised release, which was the five days from October 1 to October 5, 2010. In 2012, Johnson was convicted of subsequent release violations and was sentenced to sixty months of imprisonment. He appeals this five-year sentence raising two issues: (1) whether the district court erred by imposing a sentence that exceeded the maximum term of imprisonment allowed by statute, given its failure to account for time served on a prior revocation; and (2) whether his sentence was procedurally and substantively reasonable. For the reasons that follow, we vacate and remand for resentencing.

The Government concedes that Johnston was sentenced five days beyond the five-year maximum sentence by virtue of his first revocation sentence. Thus, we vacate and remand for resentencing so that Johnston's total sentence will not be in excess of five years. See United States v. Hergott, 562 F.3d 968, 970-71 (8th Cir. 2009) (noting under the applicable version of 18 U.S.C. § 3583(e)(3) (2006) that the statutory maximum term of imprisonment for revocation of supervised release is sixty months minus any time served on previous

2

revocations related to the same conviction). A sentence that exceeds the statutory maximum is prejudicial even if only for a minimal amount of time. Glover v. United States, 531 U.S. 198, 203 (2001).

Next, Johnston alleges that his sentence was otherwise procedurally and substantively unreasonable. This court will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). We find no other reversible error and decline to order the district court to conduct another sentencing hearing on remand. A sixty-month sentence would be within Johnston's advisory Sentencing Guidelines range of 51-63 months, as argued by the Government on appeal. We find no reason not to apply the appellate presumption of correctness allowed for a Guidelines range sentence. Gall v. United States, 552 U.S. 38, 51 (2007).

Accordingly, we vacate and remand for resentencing consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

3