**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-7339**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JAMEAL GOULD, a/k/a Milio,

            Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  J. Frederick Motz, Senior District Judge.  (1:10-cr-00245-JFM-1; 1:13-cv-00230-JFM)

Submitted:  August 26, 2014        Decided:  September 4, 2014

Before DUNCAN and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Jameal Gould, Appellant Pro Se.  Christine Marie Celeste, OFFICE OF THE UNITED STATES ATTORNEY, Peter Jeffrey Martinez, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jameal Gould appeals the district court's order denying his 28 U.S.C. § 2255 (2012) motion to set aside, vacate, or correct his sentence. We granted a certificate of appealability ("COA") only as to Gould's claim that his second attorney, Marcia Shein, was ineffective in failing to object to the computation of Gould's criminal history score. Particularly, Gould asserts that Shein should have objected to counting his two prior Maryland sentences separately, pursuant to U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4A1.2(a)(2) (2010), because there was no intervening arrest, as that term is defined in U.S.S.G. § 4A1.2(a)(2).

In our order granting a COA, we directed the Government to file an informal brief addressing this issue, which it has done. The time for Gould to reply has lapsed, and thus the appeal is ripe for disposition.

For the following reasons, we conclude the record does not support the district court's finding that an intervening arrest justified counting Gould's Maryland sentences separately. However, because the record is also insufficient to allow us to conclusively resolve whether these sentences should be considered as a "single" sentence, pursuant to U.S.S.G. § 4A1.2(a)(1)(B), we vacate the district court's order as to the denial of relief on this claim and remand this case to the

2

district court for further proceedings on Gould's ineffective assistance claim.

I.

In her November 2011 sentencing memorandum, Shein argued that two of Gould's prior convictions identified in the presentence report ("PSR") should not count separately for career offender purposes because they were part of the same course of conduct. Shein emphasized that, although there were two separate criminal cases, the matters "were consolidated for sentencing purposes" and the same sentence was imposed on both charges.

According to the PSR, Gould was arrested on January 6, 2001 and charged in a Maryland state court with possession with intent to distribute narcotics. This arrest followed the execution of a search warrant for a home where Gould was sleeping, which yielded 7.3 grams of cocaine and $944. Gould pleaded guilty on February 25, 2004, and was sentenced to fifteen years in prison with ten years suspended. The case number for this conviction was "22K0101000176" (hereinafter "Case Number 0176").

The second Maryland conviction, which was also identified as for possession with intent to distribute narcotics, arose from Gould's arrest on February 23, 2001. No details regarding the circumstances of this arrest were recited

3

in the PSR. Instead, the PSR merely noted that Gould pleaded guilty on February 25, 2004, and was sentenced to fifteen years incarceration with ten years suspended. The case number for this conviction was "22K01000180" (hereinafter "Case Number 0180").

In addition to arguing that these convictions should not count separately towards the career offender designation, Shein also asked the court to "evaluate whether or not there are two separate countable offenses" in terms of criminal history points.

To support her argument, Shein included a transcript from Gould's February 25, 2004 state court plea hearing. According to this transcript, the charge in Case Number 0180 — felony distribution of cocaine — was based on Gould's sale of cocaine to undercover police officers in October 2000. But, in reciting the factual basis for the guilty plea, the prosecutor did not state that Gould was arrested on the day of the buy. The date of Gould's arrest for this charge was not identified.

Case Number 0176, which was a charge of felony possession of cocaine, was based on the evidence seized upon execution of the search warrant on January 6, 2001. According to the prosecutor, the search warrant was obtained as a result of the October 2000 controlled buy, as well as other controlled

4

buys involving Gould.  It is clear that Gould was arrested upon the completion of the search.

Shein succeeded in defeating the career offender designation, but she did not re-assert her objection to counting the Maryland sentences separately in terms of calculating Gould's criminal history score.  The probation officer revised the PSR, removing the career offender calculations, but the Maryland sentences were still scored separately, each resulting in three criminal history points.  With a total of eleven criminal history points, Gould was placed in criminal history category V.  The district court imposed a 175-month sentence, which was within the Guidelines range.  Gould did not appeal.

II.

The Government argued that Gould's ineffective assistance claim was without merit, as any objection to the scoring of these sentences would have been unsuccessful.  The Government asserted that Gould was arrested for the first offense before he committed the second offense, for which Gould was arrested on February 23, 2001.  Thus, counsel argued that Shein's declination to pursue this objection was reasonable.

Gould further refined his argument in response to the Government's opposition.  According to Gould, he was arrested on February 23, 2001 for his participation in the controlled buy in October 2000.  This is consistent with the record evidence:  the

transcript from the state court plea colloquy establishes that the basis for Case Number 0180 was the controlled buy in October 2000, and the PSR reported that Gould was arrested in Case Number 0180 in February 2001. Thus, Gould argued, because he was arrested on the second instance of criminal conduct (stemming from the contraband seized during execution of the search warrant in January 2001) prior to being arrested on the first instance of criminal conduct (the controlled buy in October 2000), there was no intervening arrest and these sentences should not count separately.

In dismissing Gould's motion, the district court accepted the Government's contention that there was an intervening arrest. Gould timely noted this appeal.

### III.

This court reviews the district court's legal conclusions de novo. United States v. Stitt, 552 F.3d 345, 350 (4th Cir. 2008). Because the district court did not conduct an evidentiary hearing on the motion prior to denying it, "the nature of the court's ruling is akin to a ruling on a motion for summary judgment. In such a circumstance, we review the facts in the light most favorable to the § 2255 movant." United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007) (internal citation omitted).

6

Gould's ineffective assistance of counsel claim is governed by the familiar standard set forth in Strickland v. Washington, 466 U.S. 668, 687-88, 691-94 (1984). The district court analyzed Shein's failure to object in terms of the strength of the objection, and concluded that it was not viable because there was an intervening arrest.[1] But the record, in its current state, does not support this conclusion.

The Sentencing Guidelines provide that:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (**i.e., the defendant is arrested for the first offense prior to committing the second offense**). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

U.S.S.G. § 4A1.2(a)(2) (emphasis added).

---

[1] In terms of Strickland's prejudice prong, if Gould's argument prevails, his criminal history score would be reduced from eleven points to eight points, resulting in his placement in criminal history category IV. This, coupled with his total adjusted offense level of twenty-nine, would reduce Gould's advisory Guidelines range from 140-175 months to 121-151 months. See U.S.S.G. ch. 5, pt. A (sentencing table). That Gould's 175-month sentence is well above this revised range satisfies the prejudice requirement. See Glover v. United States, 531 U.S. 198, 202-04 (2001) (holding that Sixth Amendment prejudice resulted from an asserted error that added six to twenty-one months to the defendant's sentence).

The Government, in its informal response, simply cites the PSR, which reported the February 23, 2001 arrest, and posits that this establishes that "Gould was arrested for the first offense prior to committing the second offense." The Government has not provided any documents relevant to these sentences or the documentation upon which the probation officer relied in scoring them.

In our view, the only evidence in the record that is germane to the critical issue of whether the February 2001 arrest was predicated on conduct that occurred prior to the January 2001 arrest is the transcript from Gould's state court plea hearing. Viewing this evidence in the light most favorable to Gould, the transcript supports Gould's contention that there was no intervening arrest, as that term is used in U.S.S.G. § 4A1.2(a)(2), because Gould was not arrested on the first offense prior to committing the second offense. As such, while the district court's contrary factual conclusion is somewhat understandable, given the PSR, it nonetheless amounts to error.

This, however, does not end our inquiry. We must next consider whether the two Maryland sentences were imposed on the same day for if they were not, the sentences would count separately, despite the lack of an intervening arrest. See

U.S.S.G. § 4A1.2(a)(2)(B).[2]  Although the district court noted in its order denying § 2255 relief that "Gould was sentenced on these convictions on the same day," the PSR does not bear this out.[3]  Shein had asserted that the "cases were consolidated for sentencing purposes" and that "[t]he sentences on these two cases were imposed at a later date[,]" but she did not identify that date.  Gould, for his part, does not offer any evidence to establish when these sentences were imposed.

That the guilty pleas were taken on the same day and that Gould received the same sentence for each charge is strong indicia that the sentences were imposed on the same day; however, the record does not conclusively establish this fact. Thus, the present record neither supports the basis for the district court's rejection of Gould's claim nor permits us to verify the court's assertion that the Maryland sentences were imposed on the same day.

---

[2]  Gould's sentences could not be treated as a "single" sentence under U.S.S.G. § 4A1.2(a)(2)(A) because they did not result "from offenses contained in the same charging instrument."

[3]  The PSR could be understood to suggest that Gould both pled guilty and was sentenced on the same day--February 25, 2004--as this is the lone date identified in the paragraphs relevant to the Maryland convictions.  However, the state court transcript establishes that sentencing was deferred until March 10, 2004, at the earliest, which leads us to conclude that sentencing occurred on a date that is not identified in the PSR.

Accordingly, we vacate the district court's order denying relief on this claim and remand this case to the district court for further proceedings. On remand, the parties should provide the district court with evidence regarding when the Maryland sentences were imposed. Once this factual uncertainty is resolved, the district court should then address whether Shein was ineffective for failing to object to counting these sentences separately. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED