**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10089 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00533-FCD-1 |
| v. | |
| DEANDRE LORNELL BROWN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., Senior District Judge, Presiding

Argued and Submitted May 9, 2016
San Francisco, California

Before: WARDLAW, PAEZ, and BEA, Circuit Judges.

After a jury trial, Deandre Brown was convicted of one count of conspiracy

to commit sex trafficking of children in violation of 18 U.S.C. § 371, two counts of

sex trafficking of children in violation of 18 U.S.C. § 1591(a)(1), and two counts

of participating in a sex trafficking venture in violation of 18 U.S.C. § 1591(a)(2).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

He appeals his conviction and 360-month prison sentence. We affirm the conviction, but we vacate the sentence and remand for resentencing.

**1.**     The district court did not plainly err by qualifying Detective Stigerts as an expert based on his experience and training, and by admitting his expert testimony regarding pimping and prostitution culture. *See United States v. Brooks*, 610 F.3d 1186, 1195-96 (9th Cir. 2010).

We held in *United States v. Vera*, however, that when a law enforcement officer provides both expert testimony and lay opinions based on his investigation of the defendant's wrongful conduct, "the jury must be instructed on how to appropriately evaluate each form of testimony offered by the officer." 770 F.3d 1232, 1235 (9th Cir. 2014). Because Detective Stigerts offered both expert and lay opinion, the district court plainly erred in failing to give such an instruction. *See id.* at 1246. The failure to clearly delineate for the jury which opinions were based on Stigerts's experience and training and which were based on his investigation of Brown compounded the error. *See United States v. Torralba-Mendia*, 784 F.3d 652, 658 (9th Cir. 2015).

We are unable to conclude, however, that these errors affected Brown's substantial rights. In *Vera*, the challenged testimony comprised nearly the "sole evidence" of a key contested issue. 770 F.3d at 1246. Here, by contrast,

considerable evidence supported the verdict apart from Stigerts's challenged testimony. In closing argument, Brown's counsel emphasized that the two important questions were whether Brown used force to induce the victims into prostitution and whether Brown knew the victims were underage. But, little of Stigerts's testimony was necessary to establish the age of the victims, or that Brown used force against them. Both victims testified to Brown's violent acts, as did Brittney Beacham. Their testimony was corroborated by photographs and the testimony of medical professionals and other officers. And all three women testified that they feared Brown. On this record, Brown fails to demonstrate that the plain error prejudiced him. *See United States v. Olano*, 507 U.S. 725, 734 (1993).

**2.** Brown's other assignments of trial error do not require reversal whether considered individually or cumulatively. *See United States v. Wilkes*, 662 F.3d 524, 543 (9th Cir. 2011) ("[I]n contrast to this circuit's cases that reversed a defendant's convictions based on cumulative error, the government in this case presented ample evidence of Wilkes's guilt.").

**3.** By contrast, Brown's sentence must be vacated. As the government concedes, the district court failed to ensure that Brown read and discussed the presentence report ("PSR") with his trial counsel as required by Federal Rule of

Criminal Procedure 32(i)(1)(A),[1] an error we have called "deplorable and easily avoided." *United States v. Sustaita*, 1 F.3d 950, 954 (9th Cir. 1993). Because Brown represents that his trial counsel never reviewed or discussed the PSR with him, and because he identifies factual errors in the PSR that may have influenced the district court's imposition of sentence, we cannot conclude that "it is clear that no prejudice resulted" from the Rule 32 violation. *Sustaita*, 1 F.3d at 954.

Moreover, the term of incarceration imposed violated the so-called parsimony principle that a criminal sentence be "sufficient, but not greater than necessary" to serve the purposes codified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (quoting 18 U.S.C. § 3553(a)). In an exchange with Brown at sentencing, the district court stated, "Whether it's 300 or 360 months, sir, you're going to spend most of your adult life in prison until you're in your fifties. The difference is 20 years versus – 25 years versus 30 years, which is not significant." To the contrary, "[a]uthority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice." *Glover v. United States*, 531 U.S. 198, 203 (2001). If the district court believed the difference between potential sentences was insignificant, parsimony

---

[1]Rule 32(i)(1)(A) states that the district court "must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report."

required that the lesser sentence be imposed.  We hold that the violations of Rule 32 and § 3553(a) require vacating Brown's sentence and remanding for resentencing.

**4.**     Because we vacate Brown's sentence, we do not reach the other challenges to his sentence.

**AFFIRMED IN PART; VACATED IN PART; and REMANDED.**