Josephine Linker Hart, Justice, dissenting. The majority commits two errors. First, the majority fails to give due consideration to the circuit court’s finding that Mario D. Thompson suffered prejudice as a result of trial counsel’s errors during the sentencing phase of his trial. Second, the majority applies an impossible standard for a defendant to meet to establish that he has suffered prejudice. I respectfully dissent. First, the absence of a record of jury deliberations makes it is impossible to determine what factors went into the jury’s determination of a defendant’s sentence. In postconviction proceedings, the circuit court evaluates the resulting prejudice from trial counsel’s errors during sentencing. We will not reverse the trial court’s decision granting or denying postconviction relief unless it is clearly erroneous. State v. Dillard, 338 Ark. 571, 575, 998 S.W.2d 750, 753 (1999). Here, the circuit court, sitting as finder of fact, concluded that prejudice resulted from the sentencing errors. In holding that the circuit court’s decision | ^regarding prejudice was clearly erroneous, the majority has examined the issue from the perspective of an appellate court that is considering a defendant’s appeal from the denial of postcon-viction relief. This case, however, is an appeal by the State from the circuit court’s decision to grant postconviction relief. We should afford deference to the circuit court’s findings and ask if it cannot be said that the circuit court clearly erred in finding prejudice. Id. at 580, 998 S.W.2d at 755 (stating “we cannot say that the trial court clearly erred in concluding that Dillard’s trial was prejudiced by counsel’s errors”). In other words, it cannot be said that Thompson did not suffer any prejudice from trial counsel’s errors during sentencing. The circuit court found that Thompson suffered prejudice, and that decision was not clearly erroneous. Second, the majority applies a prejudice standard that precludes a defendant from establishing prejudice from the sentence itself if the defendant receives a discretionary sentence of less than the maximum. Again, without knowing what the jury considered, this standard is virtually impossible to meet. We have never explained our reason for adopting the draconian standard. As one commentator has noted, “The only plausible explanation for these heightened standards is to help dispose of (i.e., deny) many ineffective assistance claims.” Carissa Byrne Hessick, Ineffective Assistance at Sentencing, 50 B.C. L. Rev. 1069, 1091 (2009) (discussing Arkansas’s heightened prejudice standard). The United States Supreme Court has noted that its “jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance.” Glover v. United States, 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001). Thus, our prejudice standard is in clear tension with Glover. Hessick, supra at 1091. Certainly, “nothing in Glover suggests that a non-capital defendant must receive the maximum available sentence | iain order to demonstrate prejudice.” Hes-sick, supra at 1093. It is time to reexamine our reliance on this impossible prejudice standard.