NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0217n.06
Filed: March 28, 2005

No. 02-2244

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

PATRICK THELEN,                              )
                                             )
    **Petitioner-Appellant,**                )          **ON APPEAL** FROM THE
                                             )          UNITED STATES DISTRICT
v.                                           )          COURT FOR THE EASTERN
                                             )          DISTRICT OF MICHIGAN
UNITED STATES OF AMERICA,                    )
                                             )          **O P I N I O N**
    **Respondent-Appellee,**                 )


**BEFORE: NORRIS AND GIBBONS, Circuit Judges, TODD, District Judge.**[*]

**James D. Todd, District Judge.** Petitioner Patrick Thelen appeals the district court's denial

of his motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or amend his sentence, which was

imposed after a jury found him guilty of drug trafficking and being a felon in possession of a

firearm. Thelen contends that the district court erred in concluding that he was not denied the

effective assistance of counsel during his sentencing. Thelen has been granted a certificate of

appealability by this court to seek review of the issue of whether his trial counsel rendered

ineffective assistance by failing to object to the use of a 1986 Oklahoma deferred sentence which

occurred more than ten years prior to the commencement of the instant offense as a predicate to a

---

[*]The Honorable James D. Todd, Chief District Court Judge for the Western District of Tennessee, sitting by designation.

career offender enhancement pursuant to § 4B1.1 of the United States Sentencing Guidelines ("USSG"). For the following reasons, we AFFIRM the order of the district court.

## I. Background

In June 1997, a jury convicted Thelen of two counts of drug trafficking in violation of 21 U.S.C. § 841(a) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 924(a)(2). The district court sentenced him to thirty years and thirty-seven years of incarceration respectively on the drug trafficking counts and to ten years on the firearms count, all to run concurrently. The court also imposed eight years of supervised release and a fine of $5,000.

On direct appeal, Thelen challenged the sufficiency of the evidence and alleged that he had received ineffective assistance of counsel because his attorney failed to request a jury instruction on a lesser included offense. This court rejected the sufficiency of the evidence argument and declined to reach the ineffective assistance claim, observing that such claims should typically be entertained in a collateral proceeding pursuant to 28 U.S.C. § 2255 where an evidentiary record could be developed. *United States v. Thelen*, 1999 WL 435172 (6th Cir. June 18, 1999) (unpublished) (Batchelder, J.).

Thelen filed a motion to vacate his sentence pursuant to § 2255 in June 2000. He amended his motion in December of the same year to include a claim under *Apprendi v. New Jersey,* 530 U.S. 466 (2000). On August 7, 2002, the district court denied the motion and declined to issue a certificate of appealability. A panel of this court ultimately granted a certificate of appealability as to the single issue before us on appeal. Our jurisdiction is based on 28 U.S.C. § 2253(a).

## II. Analysis

We review a district court's denial of a § 2255 motion *de novo*, while examining the findings of fact under a "clearly erroneous" standard. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir.2003); *see also Kinnard v. United States,* 313 F.3d 933, 935 (6th Cir. 2002) ("On federal habeas corpus review, the appeals court reviews the district court's legal conclusions *de novo* and its factual findings for clear error.") Ineffective assistance of counsel claims are mixed questions of law and fact that are reviewed under the *de novo* standard. *Mallett v. United States*, 334 F.3d 491, 497(6th Cir.2003).

The legal principles that govern claims of ineffective assistance of counsel were set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). An ineffective assistance claim has two components. A petitioner must show that (1) counsel's performance was deficient and (2) the deficiency prejudiced the defense. *Id.* at 687. To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. The Court has declined to articulate specific guidelines for appropriate attorney conduct but, instead, has emphasized that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688.).

A deferential standard of review applies to ineffective assistance claims. A defendant must show that counsel's representation was so "thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc)).

Thelen challenges the enhancement of his sentence under the career offender provision of

the Sentencing Guidelines[2]. This provision comes into play when (1) the offender was at least eighteen at the time of the offense of conviction; (2) the offense was "either a crime of violence or a controlled substance offense," and (3) "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. Assuming that these requirements are satisfied, the offense level is adjusted upward; when, as here, the maximum sentence for the crime of conviction is life imprisonment, then the offense level is adjusted to 37.

The pre-sentence report concluded that Thelen's base offense level was 26 and then added a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm, for a total offense level of 28. Under the 1995 version of the guidelines, an offense level of 28, coupled with a criminal history category of VI, results in a sentencing range of between 140 to 175 months of imprisonment. However, because the pre-sentence report concluded that Thelen was a career offender, it was recommended that the offense level be adjusted to 37 pursuant to U.S.S.G. § 4B1.1, which increased the sentencing range to between 360 months and life imprisonment.

The focus of Thelen's argument is on the third requirement of the career offender provision: the two prior felony convictions. The pre-sentence report concluded that Thelen had two prior felony drug offenses: one in Michigan, which Thelen concedes, and a second in Oklahoma, which Thelen disputes.

The facts underlying the disputed Oklahoma felony are as follows. On August 21, 1986, Thelen was arrested in Oklahoma for delivery of marijuana. On November 25 of that year, he

---

[2] The district court relied upon the 1995 version of the USSG. Thus, all citations in this opinion are to that version.

received a "deferred" sentence of five years probation. However, on March 24, 1988, the Tulsa County district attorney filed an application to "accelerate" judgment on the ground that Thelen had violated his terms of probation by failing to report, possessing marijuana and using cocaine, leaving the state of Michigan without authority, and failing to pay his probation fees. Although a bench warrant was issued, Thelen was incarcerated in Michigan at that time and was never transferred to Oklahoma for further proceedings. According to Thelen, his Oklahoma conviction should not count in the career offender calculation because it was more than ten years old at the time of his federal offense.

In ruling on Thelen's § 2255 motion, the district court began by noting that Application Note 4 (now 3) of U.S.S.G. § 4B1.2, which defines the terms used in the career offender section, states that "[t]he provisions of U.S.S.G. § 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1." U.S.S.G. § 4B1.2 n.4. In turn, § 4A1.2(e)(2) states that sentences of less than one year and one month, such as the Oklahoma sentence, only count if "imposed within ten years of the defendant's commencement of the instant offense."

The Oklahoma sentence was imposed on November 25, 1986, while the offense of conviction occurred on February 27, 1997, which would appear to place the conviction beyond the ten-year window. However, § 4A1.2(e)(2) contains the language "within ten years of the defendant's *commencement* of the instant offense,"(emphasis added) and Application Note 8 to that section states that "the term 'commencement of the instant offense' includes any relevant conduct." U.S.S.G. § 4A1.2 n.8. As explained by the district court, relevant conduct embraces acts or

omissions committed "that were part of the same course of conduct or common scheme or plan as

the offense of conviction." U.S.S.G. § 1B1.3(a) (1) & (2)).

> The district court applied this legal framework to the facts before it in the following manner:

> The earliest dated relevant conduct known to the court occurred "shortly after" Thanksgiving of 1996. Thanksgiving of that year was celebrated on November 28. Thus, any conduct shortly after that date would, again, be more than ten years after the November 25,1986 Oklahoma disposition. Nonetheless, the facts relating to the post-Thanksgiving incident and the facts revealed during Thelen's admission that he sold drugs for the Outlaw biker gang both indicate to the court that, more likely than not, Thelen's drug distribution for the Outlaws was ongoing prior to November 25, 1996. Thus, the court concludes that Thelen's claim that the Oklahoma deferred disposition was more than ten years old at the commencement of the instant offense is factually unfounded.

JA 291-92 (footnotes omitted).[3] The district court amplified this reasoning in its order denying a

certificate of appealability:

> Although the record contains no direct evidence that Petitioner engaged in the related criminal conduct prior to November 25, 1996, the court made a reasonable and logical inference that Petitioner was dealing drugs prior to that date. It seems unlikely to the court that a person would find himself in a situation where he was showing guns and approximately one quarter of a pound of powdered cocaine to a government informant if he just recently began dealing drugs. Petitioner, however, was in this very position "shortly after" Thanksgiving of 1996.

> Nonetheless, reasonable jurists might give more weight to the absence of direct evidence and thus might disagree with the court's finding that it was more likely than not that Plaintiff was dealing drugs within ten years of the disposition of his Oklahoma case.

JA 323. Despite its acknowledgment that reasonable jurists could be of two minds about when

Thelen's drug dealing began, the district court found that Thelen's trial counsel's performance was

---

[3] Any claims that Thelen might have regarding judicial factfinding under *United States v. Booker,* 125 S.Ct. 738 (2005), are precluded because *Booker* does not apply retroactively to cases on collateral review. *See Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).

not ineffective. In the court's view, counsel's failure to object to the inclusion of the Oklahoma conviction fell within the range of reasonable professional assistance. "Counsel does not have a duty to raise every nonfrivolous issue requested by the defendant." JA 325 (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1986)).

Thelen argues that trial counsel's failure to object to the use of the Oklahoma conviction as a career offender predicate constitutes ineffective assistance because there was no strategic reason not to object in light of the fact that the career offender designation increased his sentence substantially. Rather, he attributes inaction by counsel to "ignorance or inattention." Appellant's Br. at 15.

Under *Strickland*, counsel's performance is judged by an objective standard of reasonableness. Errors must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Counsel is "strongly presumed" to make decisions in the exercise of professional judgment. *Id.* at 690. Despite this presumption, Thelen can prevail by showing that the action (or inaction) could not have constituted sound strategy. *Id.* at 689-90. Inexperience and inattention can be enough to constitute constitutionally deficient performance. *Gravley v. Mills*, 87 F.3d 779, 786 (6th Cir. 1996).

Turning to the prejudice prong, Thelen argues that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Appellant's Br. at 19 (citing *Strickland*). According to Thelen, had his trial counsel objected to the inclusion of the Oklahoma conviction and had the district judge ruled in his favor on the objection, his sentence would have been reduced significantly. As he points out, the Supreme Court has found that attorney errors resulting in

increased prison time can constitute prejudice. *Glover v. United States*, 531 U.S. 198, 203-04

(2000).

The facts as recited in the pre-sentence report support the district court's conclusions.

According to the report, shortly after Thanksgiving of 1996 a confidential informant saw a number

of "assault type rifles" in Thelen's residence and three baggies of cocaine in the garage. JA 379.

Furthermore, Thelen told the probation officer who prepared his pre-sentence report that he was

selling methamphetamine at the direction of the Outlaws Motorcycle Club. Such evidence, taken

together, substantiates Thelen's involvement in drug-trafficking sometime prior to November 25,

1996. The district court could reasonably infer that a person with assault rifles and cocaine in his

home between November 28 and December 1, 1996, would likely have been engaged in drug

trafficking before November 25, 1996.

Evidence introduced at trial supports this conclusion. As recounted in this court's opinion

on direct appeal, after his arrest Thelen asked to meet with federal officers:

> Shortly after the officers initiated the search of Mr. Thelen's residence, two detectives drove to the house of Mr. Thelen's girlfriend, Vickie McReery, who lived a few blocks away. The officers obtained Ms. McReery's consent to search her home and found there a PVC pipe, a glass vial, a triple-beam scale, various small bottles, a funnel, a digital scale, a spoon with white residue, a Pledge can with a false bottom, a Pabst Blue Ribbon can with a false bottom, and drug packaging paraphernalia. The officers also noticed that Ms. McReery appeared glassy-eyed and had needle marks on her arms.
>
> Once at the county correctional facility, Mr. Thelen requested to meet with federal officers. After he properly executed a written waiver of his *Miranda* rights, he was interviewed at length by Detective Tuma of the Mount Pleasant Police Department, Agent Lawandus of the Bureau of Alcohol, Tobacco, and Firearms, and Agent Ebright of the Drug Enforcement Administration. During the course of the interview, Mr. Thelen confessed that he used narcotics and sold drugs in the Mount Pleasant

area for the Outlaws Motorcycle Club of Detroit. He told the officers that he recently had won large sums of money from a casino in Mount Pleasant but that he was not sure where he got his gambling money, admitting that some of it could have been mixed in with his drug proceeds. Mr. Thelen also described his relationship with Ms. McReery, stating that he saw her daily and provided her with methamphetamine, but denying that he used her residence as a "stash house." Finally, Mr. Thelen said that he was aware of certain drug shipment activities involving the Outlaws and might be willing to cooperate with the agents' drug trafficking investigation.

*Thelen* at **2. Agent Lawandus testified to these facts during Thelen's trial. When asked whether Thelen had mentioned when he began selling drugs, Lawandus replied, "Initially, no, but he did indicate that his contact with the president of the Outlaws Motorcycle Club was in the fall [of 1996]." JA 343. Lawandus also testified that Thelen stated that, five months before his February 1997 arrest, "he attempted to contact an attorney and to have that attorney get in touch with Detective Tuma [a member of the drug task force] regarding the criminal activities of the Outlaws." JA 340. When asked why Thelen would have made this contact, Lawandus replied that "I believe he was trying to get out from underneath the whole drug program, dealing drugs for the Outlaw Motorcycle Club." JA 340. Given that the trial transcript indicates that Thelen was trafficking in September 1996, it is logical that trial counsel would not have challenged the fact that the Oklahoma deferred sentence was imposed less than ten years before the commencement of the offense of conviction.

Alternatively, Thelen would have been re-sentenced in 1988 after he violated the terms of his deferral but for an unrelated incarceration in Michigan. In fact, the Oklahoma district attorney had filed an application to accelerate judgment and sentence on March 24,1988, for violations of the

terms of his sentence that included a conviction for forgery in Michigan, failure to report, and possession of marijuana and cocaine.

In the meantime, Thelen was sentenced for various crimes committed in Michigan in 1988 and 1989 to terms of 48 to 168 months, 40 to 60 months, 5 to 14 years, and 3 to 5 years. Recognizing the existence of the application for acceleration, Thelen filed a *pro se* petition for a writ of habeas corpus in the Tulsa district court, requesting that "the probation detainer [be] resolved so that [petitioner] can either have the detainer dismissed or be sentenced on charge violation in time to serve his sentence concurrently." JA 267. The habeas petition confirms that Thelen believed that he would be re-sentenced at some point after 1988 in Oklahoma, well within the ten-year window.

Faced with these considerations, competent counsel would not necessarily think that objection to the inclusion of the Oklahoma offense as a predicate to career offender status was likely to bear fruit. At the very least, it would fall within the range of professional discretion recognized by *Strickland*.

Although it may have been preferable for trial counsel to lodge an objection to the pre-sentence report to afford his client an opportunity to contest the finding that the offense of conviction occurred within ten years of the Oklahoma conviction, for the reasons outlined above, this oversight fell within the realm of professional discretion because there was evidence introduced at trial and in the pre-sentence report that supported the application of the career offender designation. Thus, trial counsel's performance did not amount to the kind of constitutionally defective representation outlined in *Strickland*.

### III. Conclusion

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Thelen's 28 U.S.C.

§ 2255 motion to vacate, set aside, or amend his sentence.