FILED
United States Court of Appeals
Tenth Circuit

September 21, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PATRICK THELEN,

      Petitioner-Appellant,

v.

STATE OF OKLAHOMA, and W. A.
SHERROD, Warden,

      Defendants-Appellants.

No. 10-5063

(N.D. of Okla.)

(D.C. No. 4:09-CV-00767-CVE-TLW)

**ORDER**

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.

      Appellant's Combined Petition for Rehearing and Rehearing En Banc filed

August 23, 2010, is granted in part. The revised attached Order Denying a

Certificate of Appealability is filed nunc pro tunc to August 13, 2010.

                         Entered for the Court

                         Elisabeth A. Shumaker
                         Clerk of Court

FILED
United States Court of Appeals
Tenth Circuit

August 13, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

PATRICK THELEN,

      Petitioner-Appellant,

v.

STATE OF OKLAHOMA, and W. A. SHERROD, Warden,

      Defendants-Appellants.

No. 10-5063

(N.D. of Okla.)

(D.C. No.4:09-CV-00767-CVE-TLW)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

---

Patrick Thelen, a federal prisoner appearing pro se, seeks a certificate of appealability (COA) to appeal from the dismissal of his habeas petition brought pursuant to 28 U.S.C. § 2241. The district court dismissed the petition for lack of jurisdiction. Having jurisdiction pursuant to 28 U.S.C. § 1291, we DENY Thelen's request for a COA and DISMISS this appeal.

---

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## I. Background

Thelen pleaded guilty in 1986 in Oklahoma state court on marijuana charges. As a part of the plea agreement, the state court withheld a finding of guilt and deferred Thelen's sentencing for five years. In 1988, the State of Oklahoma filed an application to accelerate judgment, and Thelen followed that two years later with a habeas petition to the state court requesting the court resolve the application to accelerate. Although it appears from the record the state court never ruled on Thelen's petition or the government's application to accelerate, the government eventually filed a motion to withdraw the application to accelerate on March 4, 1998. The state court granted that motion.

In separate proceedings in the federal District Court for the Eastern District of Michigan, a jury convicted Thelen in June of 1997 of two counts of drug trafficking and one count of being a felon in possession of a firearm. *See Thelen v. United States*, F. App'x 61, 62 (6th Cir. 2005). During sentencing, the federal district court found Thelen's state court conviction was a "prior felony conviction" for purposes of sentencing him as a career offender. *See* USSG § 4B1.2 cmt. n.1 (1997).

Thelen, now serving his federal sentence in Illinois, filed this petition for a writ of habeas corpus in 2009 challenging the state court conviction and arguing it was not properly expunged. Although he filed it as a 28 U.S.C. § 2254 petition, the district court correctly characterized it as a petition pursuant to 28 U.S.C.

§ 2241 because Thelen was not in state custody and his claims did not challenge the validity of his guilty plea in state court but the execution of his sentence. The district court then denied Thelen's petition for lack of jurisdiction, noting Thelen was no longer in custody under the state sentence he was challenging.

## II. Discussion

Although a petitioner ordinarily does not need a COA to appeal a district court's denial of a habeas petition brought pursuant to § 2241, we have held a COA is necessary "whenever 'the detention complained of [in the petition] arises out of process issued by a State court.'" *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (quoting 28 U.S.C. § 2253(c)(1)(A)). Thelen complains the state court has not provided proper process regarding his deferred state sentence. A COA is therefore necessary.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as is the case here, the district court denies the petition on procedural grounds, we will issue a COA only if the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We conclude the district court was correct in its procedural ruling that it lacked jurisdiction to consider Thelen's petition.

District courts have "jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.* at 490–91.

Thelen apparently challenges the execution of his 1986 deferred sentence, claiming that it has not been properly expunged from official records. *See* OKLA. STAT. ANN. tit. 22, § 991c(C) (West 2003). But nothing in the record indicates Thelen is in custody under the 1986 conviction. Instead, the five-year deferred sentence expired long before Thelen filed this petition, so he cannot claim to be in literal custody, and the collateral consequences of convictions such as these "are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492. Further, even if the 1986 conviction enhanced Thelen's 1997 federal sentence, the Supreme Court has held that a person is not in custody "simply because [a prior and expired state court] conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction." *Id.* at 491. The district court was correct to conclude it lacked jurisdiction to consider Thelen's habeas claims.

To the extent Thelen challenges the enhancement of his federal sentence by the deferred state sentence, a § 2241 petition filed in the Northern District of Oklahoma is not the appropriate method.  As we have previously explained, "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. . . . *A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence*."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (emphasis added) (citations omitted).  Thus, if Thelen wishes to challenge the enhancement of his federal sentence by the state court conviction, the proper vehicle for him to do so is a § 2255 petition filed in the Eastern District of Michigan.

## III.  Conclusion

For the foregoing reasons, we DENY Thelen's request for a COA, and DISMISS this appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge