> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2016[*]
Decided July 25, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

Nos. 15-3665 & 16-1207

| | |
|---|---|
| PATRICK THELEN,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>JAMES CROSS, JR., et al.,<br>    *Defendants-Appellees.* | Appeals from the United States District Court for the Southern District of Illinois.<br><br>No. 15-cv-116-MJR<br><br>Michael J. Reagan,<br>*Chief Judge.* |

## O R D E R

Invoking *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Administrative Procedures Act, Patrick Thelen, a federal inmate, seeks damages on two claims. First he wants compensation for serving an allegedly unconstitutional sentence, even though courts have repeatedly rejected his collateral attacks. Second he argues that, by not providing him with a copy of the Federal Register, the warden prevented him

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

from commenting on a proposed rule change. The district court dismissed the complaint at screening for failure to state a claim, see 28 U.S.C. § 1915A. These appeals are frivolous. Thelen may not seek damages for his sentence without first having it vacated through a proper collateral attack, and the lack of a copy of the Federal Register produced no cognizable injury. We therefore affirm the judgments.

We start with the claim about the Federal Register. Thelen alleges that because Warden Cross failed to get him a complete copy of the Federal Register, the warden deprived him of a chance to comment on a proposed amendment to the Sentencing Guidelines. The amendment lowered the base offense level for drug offenses such as Thelen's. Thelen speculates that, if he had received a chance to comment, the Sentencing Commission might have reduced the base offense level even further. The warden's failure, Thelen contends, violated his rights under the Administrative Procedures Act, 5 U.S.C. §§ 551–59, and the Due Process Clause.

The district court correctly ruled that Thelen's alleged lack of access to the Federal Register did not state a claim for damages against the warden under the APA. The Sentencing Commission is subject to the notice-and-comment requirements of 5 U.S.C. § 553. See 28 U.S.C. § 994(x); *Washington Legal Found. v. U.S. Sentencing Comm'n,* 17 F.3d 1446, 1450 (D.C. Cir. 1994); see also *United States v. Maiello,* 805 F.3d 992, 998 (11th Cir. 2015); *United States v. Tercero,* 734 F.3d 979, 984 (9th Cir. 2013). Section 553 requires the Sentencing Commission to publish proposed rule changes in the Federal Register and solicit comments from the public. But Thelen does not accuse the Sentencing Commission of disregarding the APA; rather, he complains that he was not personally provided notice about the proposed rule changes. He blames the warden—a person working for *another* agency, the Bureau of Prisons—for not providing the notice. The APA, however, does not obligate one agency to give notice of the proposed rule changes of another agency; notice by the promulgating agency suffices. 5 U.S.C. §§ 551–53. In any event, the APA does not authorize damages against a representative, such as the warden, of an agency. 5 U.S.C. § 702; *Veluchamy v. F.D.I.C.,* 706 F.3d 810, 815 (7th Cir. 2013); *City of Evansville, Ind. v. Kentucky Liquid Recycling, Inc.,* 604 F.2d 1008, 1014 (7th Cir. 1979).

Thelen fares no better under his due process theory. We may assume that he could not comment on the proposed amendments without a copy of the Federal Register. The problem is that he suffered no loss of liberty. Any changes to the guidelines, even the ones Thelen wanted to advocate, could only *restore* his liberty by giving him a chance to reduce his sentence; no changes could (or did) retroactively increase his sentence. See *Weaver v. Graham,* 450 U.S. 24, 28–29 (1981) (*ex post facto* clause prohibits government from enacting any law that retrospectively imposes greater punishment than that

assigned by law when offense occurred); *United States v. Diggs*, 768 F.3d 643, 645–46 (7th Cir. 2014) (same); see also *Dillon v. United States*, 560 U.S. 817, 828 (2010) (no constitutional right to reduced punishment for past crime). Thus the warden did not deny him liberty without due process.

We turn to Thelen's second claim. He argues that recent cases have undermined his 1997 convictions and sentence for drug crimes. He seeks damages from Warden Cross, the director of the Bureau of Prisons, and the Attorney General because they have not endeavored to shorten his incarceration. This is a meritless contention. While 18 U.S.C. § 3582(c)(2) gives the director of the Bureau of Prisons *discretion* to ask the district court for a sentence reduction, there is no authority requiring any of these defendants to advocate for a reduction in an inmate's sentence. In any event, any claim for damages is premature. Before Thelen can seek damages under a claim (such as this one) that, if successful, would necessarily imply that his incarceration is invalid, he must first successfully obtain collateral relief from his conviction and sentence, such as through a motion under 28 U.S.C. § 2255. See *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Thelen has tried and failed to obtain such relief. In addition to two motions under 28 U.S.C. § 2255, he has challenged his sentence five times under 28 U.S.C. § 2241; courts have dismissed all challenges. See *Thelen v. United States*, 131 F. App'x 61 (6th Cir. 2005); *Thelen v. Oklahoma*, 396 F. App'x 489 (10th Cir. 2010); *In re Thelen*, No. 10-2317 (6th Cir. 2011); see also *Thelen v. Sherrod*, No. 10-cv-418-MJR (S.D. Ill. Sept. 7, 2010); *Thelen v. Cross*, No. 10-3268 (7th Cir. July 11, 2011); *Thelen v. Cross*, No. 14-1298 (7th Cir. April 10, 2014); *Thelen v. Cross*, No. 14-3434 (7th Cir. Mar. 24, 2015); *Thelen v. Cross*, No. 14-cv-247-DRH (S.D. Ill. Mar. 24, 2014). Thelen has also filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), and a federal defender recently was appointed to assist him. *United States v. Thelen*, No. 97-cr-20015-RHC (E.D. Mich. 1997), ECF Nos. 132, 137.

This appeal is frivolous. We have previously warned Thelen that pursuing frivolous litigation may result in monetary fines or a filing bar. See *Thelen v. Cross*, No. 14-3434 (7th Cir. Mar. 24, 2015) ("We caution Thelen that submitting frivolous papers to this court will result in a fine. *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997)"). He has ignored that warning. Therefore, in addition to receiving a strike for filing this appeal, see 28 U.S.C. § 1915(g), we order Thelen to pay a sanction of $500; until he pays that fine, the clerks of the federal courts of this circuit are hereby ORDERED, as provided in *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), to return unfiled any papers in civil litigation that Thelen submits to these courts.

AFFIRMED.