**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 00-10646

---

THE UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JORGE LUIS DOVALINA, also known as George,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Texas

---

August 17, 2001

Before EMILIO M. GARZA, PARKER, and DENNIS, Circuit Judges.

ROBERT M. PARKER:

Appellant Jorge Luis Dovalina appeals the district court's denial of his motion to vacate or set aside his conviction pursuant to 28 U.S.C. § 2255. Dovalina alleges that his former appellate counsel was ineffective because the attorney failed to adequately present an argument on direct appeal. Specifically, Dovalina claims that his former attorney failed to brief his argument that there was insufficient evidence to support his money laundering

1

conviction.

## I. Facts

A jury convicted Jorge Luis Dovalina for conspiracy to possess with intent to distribute marijuana, distribution of marijuana, money laundering involving the proceeds of marijuana distribution, and conspiracy to commit money laundering. The jury concluded that Dovalina and his coconspirators shipped marijuana from Texas to Michigan and used the proceeds of the shipments to promote additional marijuana sales. Among his various arguments on direct appeal, Dovalina claimed that the evidence was insufficient to support his conviction for money laundering. We affirmed, but declined to address Dovalina's money laundering argument because it was inadequately briefed.

Dovalina filed a motion to vacate or set aside his conviction pursuant to 28 U.S.C. § 2255. The district court denied the motion on August 27, 1998. Dovalina filed a request for certificate of appealability ("COA"), which the district court also denied. Dovalina then filed a request for COA with this Court. We granted his request, but limited our review to whether his counsel was ineffective for failing to adequately brief the sufficiency of the evidence argument.

## II. Discussion

A criminal defendant is entitled to constitutionally effective assistance of counsel on direct appeal. *See Evitts v. Lucey*, 469

2

U.S. 387, 394 (1985); *Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998); *Lombard v. Lynaugh*, 868 F.2d 1475, 1479 (5th Cir. 1989). In order to prove ineffective assistance of counsel, a petitioner must first show that his attorney's performance was deficient and, second, demonstrate that such deficiency caused him prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998). For purposes of this appeal, we need only focus on the prejudice aspect of the analysis.

Prejudice results if the attorney's deficient performance would likely render either the defendant's trial fundamentally unfair or the conviction and sentence unreliable. *See Goodwin*, 132 F.3d at 176. Where an attorney failed to adequately brief an issue on direct appeal, appellant must show initially that the appeal would have had, with reasonable probability, a different outcome if the attorney adequately addressed the issue. *See Jones*, 163 F.3d at 302. "This requires that we counter-factually determine the probable outcome on appeal . . .." *United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999). Appellant must then demonstrate that the attorney's deficient performance led to a fundamentally unfair and unreliable result. *See Goodwin*, 132 F.3d at 176. We review an ineffective assistance of counsel claim de novo. *See Williamson*, 183 F.3d at 461.

We turn first to whether there is a reasonable probability

3

that, but for counsel's deficient performance, Dovalina would have established that there was insufficient evidence to support his money laundering conviction. When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury verdict and affirm if a rational trier of fact could have found that the Government proved all elements of the crime beyond a reasonable doubt. *See United States v. Puig-Infante*, 19 F.3d 929, 937 (5th Cir. 1994). To establish money laundering under 18 U.S.C. § 1956(a)(1)(A)(i), the Government must have shown that Dovalina (1) knowingly conducted a financial transaction; (2) which involved the proceeds of an unlawful activity; and (3) with the intent to promote or further unlawful activity. *See* 18 U.S.C. § 1956(a)(1)(A)(i); *United States v. Sneed*, 63 F.3d 381, 389 (5th Cir. 1995). Dovalina argues that there was insufficient evidence to establish that he intended to promote any further criminal activity by spending the money he received from distributing marijuana.

Proof that financial transactions involving the proceeds of unlawful activity merely promoted other criminal activity is insufficient to support a conviction under section 1956(a)(1)(A)(i). *See United States v. Brown*, 186 F.3d 661, 670 (5th Cir. 1999). "[A]bsent some evidence that a dirty money transaction . . . was conducted with the intent to promote . . . [unlawful] activity, a defendant may not be convicted of promotion

4

money laundering . . .." *Id. See also United States v. Olaniyi-Oke*, 199 F.3d 767, 770 (5th Cir. 1999). Direct evidence of intent is not necessary to support a defendant's conviction. *See Brown*, 186 F.3d at 670. Where the proceeds of drug trafficking activity are used to purchase items that were not necessary for the defendant's legitimate business or personal use and played an important role in the drug trafficking scheme, a rational juror may infer that the defendant intended to promote unlawful conduct. *See id.* (discussing *United States v. Jackson*, 935 F.2d 832 (7th Cir. 1991)).

The evidence at trial showed that Dovalina and his coconspirators packed marijuana into 55-gallon barrels and shipped the barrels from Laredo, Texas to Southgate, Michigan. Dovalina's contact in Michigan, Keary Sarabia, would later deliver a cash payment. At first, Sarabia sent the cash via Federal Express or UPS to A.J.'s Paint Warehouse, Dovalina's business in Laredo. Later, Sarabia traveled to prearranged locations and delivered the cash to Dovalina in person. Drug Enforcement Administration officials estimated that Dovalina received well over $1 million in cash proceeds.

The Government argues that the consignment arrangement between Dovalina and Sarabia is by itself sufficient to establish each element of money laundering. The Government claims that if Sarabia neglected to pay the balance for each marijuana shipment, then

Dovalina would suspend future shipments. In other words, the Government contends that a series of illegal transactions between a buyer and seller is sufficient evidence of promotion money laundering.

In limited contexts, evidence showing that a dealer used the proceeds of drug trafficking to pay for the drugs the dealer sold is sufficient proof of money laundering. *See United States v. King*, 169 F.3d 1035, 1039 (6th Cir. 1999); *United States v. Martinez*, 151 F.3d 384, 389 (5th Cir. 1998); *United States v. Baker*, 63 F.3d 1478, 1494 (9th Cir. 1995); *United States v. Torres*, 53 F.3d 1129, 1137 n.6 (10th Cir. 1995); *United States v. Skinner*, 946 F.2d 176, 177-78 (2d Cir. 1991). The evidence must establish that a dealer used the proceeds of an illegal transaction to pay for the drugs. *See, e.g.*, *King*, 169 F.3d at 1039 (affirming money laundering conviction based on evidence that the defendant transferred the proceeds of drug sales to couriers in payment for prior marijuana deliveries). A promotion money laundering offense cannot be established merely by evidence of a single buyer's repeated payments to a distributor. The evidence at trial showed that Dovalina shipped drugs to Serabia and that Serabia paid for the shipments. The Government did not present evidence indicating Dovalina's source of the marijuana or that Dovalina used the

6

proceeds of the transactions to buy more marijuana.[1] While Serabia's payments may have ensured future marijuana shipments, the Government was required to prove that Dovalina used at least part of the proceeds in a subsequent financial transaction with the intent to promote unlawful activity.

While the Goverment's evidence fails to account for the majority of the proceeds, the record shows several notebooks taken from Dovalina's home and A.J.'s Paint Warehouse that suggest Dovalina periodically used a portion of the proceeds to pay himself and his coconspirators. *See United States v. Wilson*, 249 F.3d 366, 378 (5th Cir. 2001) (stating that a payment to a coconspirator from proceeds of illegal activity is sufficient to show intent to continue the fraudulent scheme). Testimony at trial also revealed that Dovalina gave a coconspirator cash to purchase several 55-gallon barrels in which the marijuana was shipped. *See Brown*, 186 F.3d at 670 (explaining that intent to promote criminal activity may be demonstrated through evidence of financial transactions unrelated to defendant's legitimate business operations). The Government presented evidence of interstate financial transactions including frequent payments for airline tickets, over $7,000 in cellular phone bills, rental cars, lodging, materials needed to

---

[1]Serabia's testimony at trial suggests that he sold the marijuana and used the proceeds to pay Dovalina. This evidence may establish that Serabia committed a money laundering offense, but it does not support Dovalina's conviction and does not by itself show that Dovalina conspired in Serabia's money laundering activity.

7

ship the marijuana, and shipping services. The evidence shows that each of these transactions were made with the intent to promote drug trafficking activity. Viewing the evidence in the light most favorable to the jury verdict, we conclude that the jury could have found beyond a reasonable doubt that Dovalina and his coconspirators intentionally used cash proceeds from the sale of marijuana to promote additional marijuana sales. Because the failure of Dovalina's appellate counsel to adequately brief the argument on direct appeal did not constitute prejudice, the district court's order denying Dovalina's motion to set aside or vacate his conviction is AFFIRMED.