United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30860
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOREA DELENE McNAMEE BLOUNT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CV-1616-DEW-RSP
USDC No. 5:01-CR-50073-DEW-RS
--------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:*

Jorea Delene McNamee Blount, a federal prisoner (# 11023-035), appeals from the district court's sua sponte denial of her 28 U.S.C. § 2255 motion to vacate her 2001 jury-trial convictions and sentences for conspiracy to commit mail fraud and wire fraud and six counts of mail fraud. Blount received a total prison sentence of 84 months and three years of supervised release. Blount was granted a certificate of appealability as to her claim that her attorney performed ineffectively at sentencing and on appeal by failing to raise an adequate challenge to the district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's upward departure from the Sentencing Guidelines imprisonment range. Blount has argued that the upward departure was based on factors that were duplicative of factors that had already been taken into consideration by the district court in determining her Guideline range. She has contended that her attorney's challenges to this "double counting" were unconstitutionally inadequate.

To prevail on a claim of ineffective assistance of counsel, a movant must show (1) that counsel's performance was deficient in that it fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 689-94 (1984). When assessing whether an attorney's performance was deficient, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To show Strickland prejudice, a movant must demonstrate that counsel's errors were so serious as to "render[ ] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). A failure to establish either deficient performance or prejudice defeats the claim. Strickland, 466 U.S. at 697. In the context of sentencing, the movant must demonstrate a reasonable probability that, but for counsel's errors with respect to sentencing matters, he would received less time in prison. See United States v. Grammas, 376 F.3d 433, 438 (5th Cir. 2004); Glover v. United States, 531 U.S. 193, 203 (2001). To show she was prejudiced by deficient performance on direct

appeal, Blount must demonstrate a reasonable probability that the claim would have been successful on appeal, a standard that "requires [the court of appeals to] counter-factually determine the probable outcome on appeal. . . ." United States v. Dovalina, 262 F.3d 472, 474 (5th Cir. 2001) (citation and internal quotation marks omitted).

Blount has not established deficient performance by her attorney with respect to sentencing, because the record on appeal reflects that counsel filed a letter challenging the proposed upward departure on the same substantive grounds that Blount has been asserting in her 28 U.S.C. § 2255 motion.

The record does show that, on direct appeal, counsel had inadequately briefed a challenge to the upward departure such that we determined that Blount had effectively abandoned the claim. Blount has not established, however, that she was prejudiced by any deficient performance relating to failing to raise such a challenge. A district court is permitted to depart upward from the Guideline range if it finds that an aggravating circumstance exists that was "not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b); see also U.S.S.G. § 5K2.0. "A district court abuses its discretion, and incorrectly applies the guidelines, where it relies on an invalid departure ground." United States v. Cade, 279 F.3d 265, 270 (5th Cir. 2002). A court may not grant an upward departure on the basis of a factor already taken into account by the guidelines, "unless that factor is present to an exceptional degree or in some other way makes the case different

from the ordinary case in which the factor is present." <u>United States v. Hemmingson</u>, 157 F.3d 347, 361 (5th Cir. 1998) (citation omitted).  In such circumstances, a remand is appropriate unless the reviewing court concludes, based on the record as a whole, "'that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed.'" <u>United States v. Solis</u>, 169 F.3d 224, 226 (5th Cir. 1999).

Although the district court may have based its upward departure at least partially on factors that were duplicative of offense-level increases that already had been imposed upon Blount, the departure was also based on factors that were not adequately considered by the Guidelines.  Moreover, the extent of the departure, which amounted to only a three-level increase of Blount's offense level, was not unreasonable.  <u>Cf.</u> <u>United States v. Daughenbaugh</u>, 49 F.3d 171, 174-75 (5th Cir. 1995).  Blount has not established a reasonable probability that a full-scale challenge by counsel to the upward departure on direct appeal would have prevailed.  Accordingly, she has not established prejudice, and her ineffective-assistance claim is meritless.

The order of the district court is AFFIRMED.