# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 3, 2012

Lyle W. Cayce
Clerk

No. 10-30953
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMIE EDELKIND,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:09-CV-1783
USDC No. 6:05-CR-60067-1

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jamie Edelkind, federal prisoner # 11866-035, appeals the district court denial of his 28 U.S.C. § 2255 motion challenging his conviction for willful nonpayment of child support in violation of the Child Support Recovery Act, 18 U.S.C. § 228. The district court granted a certificate of appealability on Edelkind's ground five -- whether his appellate counsel was ineffective in failing to challenge on appeal the closure of the courtroom during voir dire allegedly in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation of the precedent established in *Presley v. Georgia*, 130 S. Ct. 721 (2010). Edelkind argues that his appellate counsel were ineffective in failing to challenge the district court's closure to the public of a portion of the voir dire examination of the certain potential jurors. Edelkind asserts that because *Presley* did not establish a new rule of law, counsel should have been aware of and raised this issue; that the closure was not warranted by privacy concerns or the desire to obtain an unbiased jury; that a potential juror must request the closure; and that he did not knowingly and voluntarily waived his right to a public voir dire proceeding.

Edelkind has not shown that the district court erred in denying this claim. Edelkind's counsel waived the issue when he failed to object, and this waiver was effective as to Edelkind. *See United States v. Hitt*, 473 F.3d 146, 155 (5th Cir. 2006) (citing *Levine v. United States*, 362 U.S. 610, 619 (1060). Only if there is no waiver can the courtroom closure violate the Sixth Amendment. *See Hitt*, 473 F.3d at 155; *Levine*, 362 U.S. at 619. Even if he had not waived the issue, Edelkind has not shown that his appellate counsel was ineffective in not challenging the closure. Under the law at the time of trial, the closure fell within a valid exception for preventing the disclosure of sensitive information; it involved only a small part of the overall voir dire process; the trial judge provided reasons for the closure and allowed the parties an opportunity to object; and the closure fostered complete and honest answers by prospective jurors on sensitive issues directly relating to the nature of the charged offense. *See Waller v. Georgia*, 467 U.S. 39, 48 (1984). He has not shown that his appellate counsel's performance was deficient for failing to challenge the closure of the courtroom based on *Presley*, which was decided after his trial and appeal. *See Lucas v. Johnson*, 132 F.3d 1069, 1078 (5th Cir. 1998). The Supreme Court has not made *Presley* retroactive to cases on collateral review. Further, Edelkind has not shown that he was prejudiced by his appellate counsel's alleged error as he has not shown that there is a reasonable probability that there would have been a

No. 10-30953

different outcome if counsel had raised the issue on appeal. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001). Therefore, Edelkind has not shown that the district court erred in denying this claim. *See Strickland*, 466 U.S. at 694; *see also Dovalina*, 262 F.3d at 474-75. Edelkind's request that the court not consider the respondent's brief because it was untimely is denied.

AFFIRMED.