# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 9, 2012

Lyle W. Cayce
Clerk

No. 10-51076
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR MANUEL MOLINA-JUAREZ, also known as Hector Manual Molina,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-216-3

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Hector Manuel Molina-Juarez appeals his guilty plea convictions of conspiring to commit money laundering and to distribute at least 500 grams of methamphetamine and at least 5 kilograms of cocaine. *See* 18 U.S.C. § 1956(h); 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(A)(ii)(II), & 846. He was sentenced to a 168-month year term of imprisonment for each offense, to run concurrently.

Molina-Juarez contends that the district court failed to comply with the requirements of Federal Rule of Criminal Procedure 11(b)(1)(G) and (b)(3) when

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

accepting his guilty pleas.  Molina-Juarez did not object to either of the alleged errors in the district court.  Accordingly, we will review the district court's actions for plain error only.  *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002).  To prevail on plain-error review, a defendant must show that an error occurred, that the error was clear or obvious, and that the error affected his substantial rights.  *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).  If those factors are established, the decision to correct the forfeited error is within the court's sound discretion, which will not be exercised unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

When conducting a guilty plea colloquy, a district court is required by Rule 11(b)(1)(G) to inform the defendant of the nature of the charges to which he is pleading and ascertain that he understands those charges.  The district court did not fully comply with that rule at Molina-Juarez's rearraignment hearing.  However, Molina-Juarez has not established that the error affected his substantial rights.  A review of the record indicates that Molina-Juarez was aware of the elements of his offenses.  *See United States v. Smith*, 184 F.3d 415, 417 (5th Cir. 1999).  More importantly, Molina-Juarez does not assert that he would not have pleaded guilty absent the error.  *See United States v. Dominguez-Benitez*, 542 U.S. 74, 83 (2004).

A district court also is required by Rule 11(b)(3) to verify that the defendant's guilty plea is supported by an adequate factual basis.  Contrary to Molina-Juarez's assertion, the facts in his case, drawn from the indictment, the factual basis presented at the rearraignment hearing, and the PSR, demonstrate that there existed a factual basis sufficient to support his guilty plea of money laundering.  *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010); *United States v. Dovalina*, 262 F.3d 472, 475-76 (5th Cir. 2001).

AFFIRMED.